## The Commission Company *against* Russ and others,

The *capias ad respondendum* was issued returnable the first Monday of August last, on which Russ alone was returned taken. On declaring in assumpsit, the defendants, after the plaintiff had received special bail, pleaded in abatement the nonjoinder of one Blake. The statute of limitations having nearly elapsed, the plaintiff filed an original bill against all the defendants named in the *capias,* with Blake; and

*W. S. Johnson* now moved that all proceedings subsequent to the return and filing of the *capias* be set aside; and that the plaintiffs be permitted to issue an *alias capias* against Blake, to answer *simul cum* the other defendants,

He said amendments are allowed while the proceedings are in paper; (2 Burr, 1078; 1 Tid. 91, 402, 661; Dunl. Pr. 70, 294;) and the *capias* is amendable by the original bill, into the time of filing which the court will not inquire. (1 Str. 583, 954. 2. Str. 1151, 1162. 2. H. Bl. 608. 1 Cain. 22.)

Amendments are allowed to save the statute of limitations. (3 Lev. 347. 2 Str. 890. 5 Burr. 2833.)

Amendments are allowed after pleas in abatement. (1 Str. 11. 2 Str. 739. 2 John. Cas. 336. 2.)

Amendments have often been made in the name, where there was a previous paper on file to amend by. (2 John. Cas. 336. 7 T. R. 299. 1. B. & P. 480. 1 Cowen, 413. 20 John. Rep. 126.) Within this principle, we may amend by a bill on file.

*Emmet & Grim,* contra. The original bill was filed of course, and *nunc pro tunc* as of the term when the suit *was commenced. This is not admissible except in certain cases, where the want of a bill is assigned for error. (13th Gen. Rule of April term, 1796.) Here is no leave of the court, or consent of the defendants, one of which is certainly necessary. The filing of the bill was, therefore, irregular.

The *capias* issued does not now agree with the bill on file. If there be any relief, it is by amending the original *capias.* Blake's name not being there, a *capias simul cum* cannot now issue.

*Curia.* We are aware of no such practice as the plaintiff urges in this case. Where there is a nonjoinder in the process to bring in the defendants, which is pleaded in abatement, we know of no remedy for the defect by amendment. No case has, we believe, gone so far as to sanction an amendment, even to save the plaintiff from the statute of limitations. Blake is not a party before the court. He has no notice; and is no more bound to regard a notice than he would be if no capias had ever issued against any

[*123]

body. The amendment may effect his rights materially. Indeed the avowed object is to deprive him, as well as the other defendants, of the plea of the statute of limitations. The plaintiffs must take the consequence of the plea in abatement.

Motion denied