## WILLINK & WILLINK *vs.* RENWICK & RENWICK.

On leave to amend a *scire facias* the plaintiffs are not at liberty to add *new parties*, the necessity for whose joinder existed previous to the issuing of the writ; especially will they not be allowed to do so where as against such *new parties* the *statute of limitations* has attached.

Where a favor is granted to a party *on condition;* as where leave is given to amend on payment of costs, or the like, he must at his peril take notice of the order of the court without waiting to be served with a copy of the rule.

THE plaintiffs recovered a judgment against the defendants which was docketed May 7, 1819. They sued out a *scire facias* to revive the judgment, returnable at January term, 1839. The defendant, James Renwick, appeared

and pleaded that the plaintiff, John A. Willink, before the *scire facias* issued, was discharged under the act to abolish imprisonment for debt in certain cases, and on that occasion assigned all his estate to certain assignees, who, it was insisted, should have been parties to the *scire facias*, instead of John A. Willink. The plaintiffs demurred to the plea. The demurrer was argued in October term last, and in January term following, judgment was rendered for the defendants, on the demurrer, *with leave to the plaintiffs to amend on the usual terms*, which are the payment of costs. After the expiration of twenty days from the entry of the rule for judgment on the demurrer, but without having served a copy of the rule on the plaintiffs' attorney, the defendants perfected judgment. The plaintiffs' attorney, insisted that he was entitled to twenty days to amend and pay costs, *after service of a copy of the rule for judgment on the demurrer;* and as the rule had not been served, he, on the 7th March last, after the judgment had been perfected, filed an amended writ of *scire facias*, in which the assignees of John A. Willink were named as parties plaintiffs, and offered to pay costs, which were refused. The defendants insisted that the plaintiffs were too late, and that they could not amend by adding new parties, especially after the statute had run.

*P. Cagger*, for the plaintiffs, now moved to set aside the judgment for irregularity, and for an order on the defendants to plead to the amended writ of *scire facias*.

*J. L. Wendell*, opposed the motion.

*By the Court*, BRONSON, J. When a favor is granted to a party on *condition*, as leave to amend on payment of costs, or the like, he must at his peril, take notice of the order of the court, without waiting to be served with a copy of the rule, and must comply with the terms within the proper time, or he will lose the benefit of the rule. The case of *Jackson* v. *Wilson*, 9 *Johns. R.* 265, on which the plaintiffs rely, does not lay down a different doctrine. The offer to amend and pay cost came too late. The judgment was regular.

Under ordinary circumstances the plaintiffs might still be relieved on terms; but there is, I think, an insuperable difficulty in the way of allowing such an amendment as they wish to make. It is admitted in the affidavit for the motion, that the plea is true. The plaintiffs neither wish to withdraw the demurrer and take issue on the plea, nor to set up new matter in avoidance of it. They ask leave to amend the writ of *scire facias* by substituting the assignees of John A. Willink in his place, as parties plaintiffs. This would in effect, be making a new writ, to be prosecuted by new parties, and I am not aware of any precedent which will authorise such an amendment. We have provided for bringing in a new defendant, after a plea of non-joinder in abatement. *Rule* 96. But that could not be done at the common law. *Commission Company* v. *Russ*, 8 *Cow.* 122. The necessity for different parties has not arisen since this proceeding was commenced. The writ was sued out in the name of John H. Willink, who had long before parted with his title to the judgment, and without joining the assignees, who had acquired all his interest. In short, the writ was not sued out by those who had the legal title to the judgment, and they cannot now come in and take the place of Willink. They must begin *de novo*.

There is a further reason for not allowing the amendment. The statute of limitations has now run. The time for reviving this judgment expired with the year 1839. 2 *R. S.* 577, § 3. *Jackson* v. *Murray*, 1 *Cowen*, 156. And see the remarks of *Savage, C. J.* upon this case in *Beach* v. *Fulton Bank*, 3 *Wend.* 586. We have no right to dispense with the statute, by allowing new parties to come in now and prosecute the writ originally sued out.

Motion denied.