JOSEPH A. SANCHEZ DE AGREDA and LORENZO JOSE v. CAPTAIN
FAULBERG.

When a defendant is brought into the Marine Court upon a warrant and the
    action cannot, "by reason of other business or other cause," be tried immedi-
    ately, the defendant must give security or be committed. (2 Rev. Laws of
    1813, p. 385, § 119; and § 133-4.)
And when, after demanding a jury, the defendant departs without giving security
    or submitting to a commitment, it is no ground for a reversal that the court do
    not order a jury to be summoned, and adjourn the cause for that purpose.
The defendant having, by such departure, rendered it impossible to comply with
    his demand without violating the law forbidding an adjournment without a com-
    mitment or security for his appearance,. cannot complain that a jury was not
    summoned.
It seems, that an action cannot be commenced in the Marine Court, by warrant
    returnable immediately, where neither the plaintiff nor defendant is a non-resi-
    dent of the city and county of New York. (Vide §§ 90 and 112 of chap. 86,
    2 Rev. Laws of 1813, pp. 372, 383.)
It seems, that it is irregular to issue the warrant at all without security, where the
    ground thereof is the non-residence of the plaintiff.
Whether a defendant after he has objected to the jurisdiction on the ground that
    the warrant is improperly issued, and after his objection has been overruled,
    waives the objection and confers jurisdiction by then pleading to the merits?
    Quere.
Suitable points should be furnished by counsel on the submission of an appeal, and
    the appellate court be referred to such authorities and statutory enactments as
    are relied upon by a respondent to sustain a judgment.
The liberal provisions of the Code, allowing amendments by striking out the
    names of parties, are not applied to the Marine and District or Justices' Courts.
The Marine Court cannot strike out the name of a plaintiff and permit him to be
    examined as a witness, on a mere suggestion of mistake without any proof.

NOTE.    The above points are abstracted from the opinion filed
upon the decision of this appeal as originally submitted.    The fol-
lowing are taken from the opinion delivered after a re-argument
upon a fuller disclosure of the proceedings in the court below.

Where a warrant is issued in the Marine Court in a case unauthorized by law, a
    defendant, by pleading to the merits, waives objection to the process and sub-
    mits to the jurisdiction.
The statute (2 R. S. 3d ed. p. 519, marginal p. 424), allowing the amendment of·

Agreda *v.* Faulberg.

process and pleadings, continue in force together with and unrepealed by the Code of procedure.

The above provision of the Revised Statutes applies to the Marine Court.

Where the name of one of several plaintiffs is shown to have been inserted in the process by mistake, the Marine Court has power to strike it out.

APPEAL from the Marine Court. The action was brought by warrant, but the return did not show that any proof had been required, before the issuing of the warrant, that either of the plaintiffs or the defendant was a non-resident of the city and county of New York, and there was nothing from which to infer that security had been given, upon the commencement of the suit. (See 2 Revised Laws of 1813, p. 385, § 119; and see § 133–4.)

On the return of the process, the defendant appeared by counsel, and objected to the jurisdiction of the court, on the ground, first, that the case was not one in which a warrant could properly replace the ordinary summons; and, secondly, that even conceding that point, there was fatal irregularity in the issuing of the warrant. These objections were overruled. The defendant answered, but not until after the questions raised by him as to the jurisdiction had been decided.

The defendant suffered judgment in the court below. The merits of the case and such of the proceedings as are necessary to an understanding of the points raised by the appellant are accurately stated in the opinion of WOODRUFF, J., so far as they were disclosed on the submission of the appeal. The respondents submitted no points or argument.

By THE COURT. WOODRUFF, J.—The appeal in this action raises several questions which are of considerable importance, and I regret that the respondents have submitted no points in support of the judgment. A party has no right to expect the court to be laborious in their investigation, or ingenious in their endeavor to support a judgment, when his own counsel is either unwilling or unable to aid them by any suggestions or examination of authorities on his behalf. The court desire not to reverse, where the judgment might properly be sustained;

but where, as in the present case, the proceedings in the court below depend, to some extent, upon various statutory enactments running through a period of forty years, the court are entitled to the aid of the respondent's counsel in pointing out the statutes upon which the regularity of the proceedings depend.

For example, I have not been able to find the authority upon which this defendant was brought into court by warrant, without any proof that either the plaintiffs or defendant were non-residents of the city and county of New York. ( *Vide* § 90 of ch. 86, Laws of 1813, vol. 2; and § 112 of same act.) Or if the non-residence of the plaintiffs was the ground of issuing a warrant, how was it regular to issue a warrant without security? ( *Vide* ib.)

How far the defendant should be deemed to have waived his objection in this behalf by pleading to the merits, after the objection was overruled, is also an interesting question which it well became the respondents' counsel to have considered, and thereupon have here submitted his views to the court.

The case, upon the merits, is an aggravated one against this defendant, and we feel no little reluctance to reverse the judgment, if it can be sustained. The proofs fully sustain a finding that one hundred dollars in gold were intrusted to the defendant, as master of a vessel, to be carried to Puerto Cabello, and that he left the vessel before she sailed from this port, and took with him the money unlawfully, if not feloniously, appropriating it to his own use.

On being brought into the court below, the defendant, after the issue was joined, demanded a jury and paid the fees therefor, and then left the court, as the return states, "for his witnesses," leaving his counsel in attendance.

The court below refused to issue a venire or recognize the demand of a jury, while the defendant was not present in person, to be committed, or to give security for his appearance on the return of the venire. The argument of his counsel insists that in this there was error.

I think that this is no ground for reversal. If the court

below saw that the demand of a jury and the issuing of a venire in pursuance of that demand involved the necessity of an adjournment, as no doubt it did, the court was bound to perceive at the same time, and did perceive, that, when a defendant is brought into court on a warrant, if by reason of other business or other cause the action cannot be tried immediately, the defendant must give security, or be committed. (2 R. L. p. 385, § 119; and see also § 123–4.) Assuming then that the defendant was properly brought in by warrant, no adjournment could be had, unless he gave security, or submitted to a commitment.

The defendant, by leaving court, must be deemed to have voluntarily placed himself in a situation which rendered it impossible for the judge to comply with his demand of a jury, without violating the law forbidding an adjournment without security or a commitment. It was the defendant's own fault that a jury was not called, and he ought not to be permitted to complain that no jury was ordered, when he had rendered an adjournment for that purpose unlawful.

But there is another objection made to the proceedings below which seems to me fatal.

The warrant herein was issued in the names of Diego Sutil, Joseph A. Sanches de Agreda, and Lorenzo Jose, as plaintiffs, and the affidavits upon which the warrant was issued are positive that Sutil is one of the firm of S. de Agreda, Jose & Co., No. 69 Beaver street, in said city, who delivered the gold in question to the defendant to be carried. The proof on the trial showed that this firm delivered the gold to the defendant to be carried and delivered to the firm of S. de Agreda, Jose & Co., at Puerto Cabello. Such being the state of the proceedings and of the proof, the plaintiff, on mere suggestion that Sutil was not a member of the firm at Puerto Cabello, and that his name had been added as plaintiff by mistake, and without in any manner proving the truth of the suggestion, or that the money belonged to the Puerto Cabello house, moved for and against the objection of the defendant's counsel (who, although the defendant had left court, was permitted to cross-examine

the plaintiffs' witnesses) obtained leave to strike out the name of Sutil from the proceedings (complaint and warrant), and then examine Sutil as a witness for the other plaintiffs, who, as he testified, composed the Puerto Cabello house. This was an exercise of power by the justice below for which I can find no authority. The liberal provisions of the Code allowing amendments by striking out the names of parties are not applied to the Marine and Justices' Courts; and if they were, I doubt the right to allow such amendments on mere suggestion, without any evidence showing the propriety of the amendment sought. Indeed, after the amendment was made, no proof was given that the gold did not belong to the New York house, unless that was to be inferred from their endeavor to send it to the house at Puerto Cabello.

Though not without reluctance, I feel constrained to say that the judgment should be reversed.

Judgment reversed.

Note.—After the foregoing opinion was filed, the plaintiffs, upon affidavits, obtained an order for a re-argument of the appeal, and directing the production, from the Marine Court, of papers relating to the cause, which had been omitted from the return through a mistake of the justice.

The case was re-argued before Judges INGRAHAM and DALY, on written points, to which were attached the papers above referred to. The only points considered on the final determination of the appeal, were, first, the question of waiver to the objection that the court below, in consequence of defective process, had not acquired jurisdiction; and secondly, as to the right of the Marine Court, on the trial, to strike out the name of one of the several plaintiffs mentioned in the warrant.

The new appeal papers contained no additional information respecting the amendment of the process.

*James C. Carter*, for the defendant (appellant).

*David P. Whedon*, for the plaintiff (respondent).

Agreda *v.* Faulberg.

BY THE COURT. DALY, J.—The defendant by pleading to the merits, waived any objection to the process. (*Robinson* v. *West*, 1 Sand. S. C. 19.)

The provision of the statute allowing the amendment of process (2 R. S. 519, 3d ed.) authorizes the amendment of process in form or substance, in furtherance of justice, by the court, in all actions in courts at law. The provisions in this statute are to be considered as remaining in connection with the provisions authorizing amendments in the Code, (*Brown* v. *Babcock*, 1 Code R. p. 66); and we think there can be no doubt that it applies to the Marine Court. (*Bruce* v. *Benson*, 10 Wend. 213.) It is certainly broad enough to authorize amendments adding or striking out the name of a plaintiff. In *Martin* v. *Lake*, 3 Hill, 475, the plaintiffs, upon a motion for a new trial, in an action of ejectment, asked leave to add two plaintiffs, and the application was granted. There might be a question as to the right to allow a defendant to be added. (*The Commission Comp.* v. *Russ*, 8 Cow. 122); but that the judge below had the power to permit the name of one of the plaintiffs to be stricken out, we think admits of no doubt. The grounds upon which the amendment was sought and upon which it was granted, are not set out in the return, but the justice of the judgment is so manifest that we do not feel disposed to send the case back for any further return, though it is unquestionably true that some cause should be shown to warrant such an amendment.

INGRAHAM, FIRST J., concurred.

Judgment affirmed.