McCunn, J.
A motion is made by the plaintiffs for leave to amend by substituting the name of Albert J. Yan Syckel, the person to whom the value of one-half of the cargo was assigned, as plaintiff on the record, in the place and stead of Elbridge Yan Syckel, the original owner of that half value; and second, by allowing the plaintiffs to set up- a new allegation in their complaint, and in that allegation claim to recover, in addition to the value of the cargo of the Winfield Scott, the value of a cargo shipped on board the ship Capitol, lying also in the port of Baltimore, and bound for the city of Liverpool.
The court cannot allow an amendment, the effect of which is to introduce a new cause of action. The amendment is limited to the subject matter for which the action was originally brought.
In the case of Davis v. The Mayor, &c. of New York, (4 Kern. 506,) where an action was brought by a taxpayer of, the city of New York, to prevent the construction of a railway in Broadway, the court at the trial, on a motion to amend, held that the name of the attorney-general might be added as a party plaintiff, and then gave judgment for the relief prayed for; the Court of Appeals reversed this ruling, upon the ground that the Code did not authorize such an amendment.
In the case of Coffing, President, &c. v. Tripp, (1 How. Pr. 115,) an application was made to amend the complaint by *623 substituting different plaintiffs in the action, in those early stages of pleading under the Code. Beardsley, J. in rendering the opinion of the court, stated that there could be no precedent found for such an amendment, and most unfortunately for the plaintiffs, I have been unable to find any even at this late day.
In Wright v. Storms, (3 Code Rep. 138,) upon a motion for leave to amend the complaint, Edwards, J., said, “ to allow the amendment would be, to all intents and purposes, the inauguration of a new suit, and I do not think that it was the intention of the Code that the power of amendment should be exercised to this extent.” How, i.n regard to the claim for the wheat of the ship Winfield Scott, the plaintiffs only owned one half of the value of that cargo, when this action was commenced. The owner of the other half was not a party to the suit at all. Of course the plaintiffs could only recover their own half in any event, leaving the owner of the other half to bring a new suit to recover the remaining half. They could not indeed recover at all, if the defendant chose to raise the objection that the owner of the other half interest should be joined in the suit. (Coster v. The N. Y. and Erie R. R. Co., 6 Duer, 43, 46.) If he did not raise the objection, the plaintiffs could recover their own half; (Code, §§ 144, 148 ;) but, of course, they could not recover the half which belonged to some one else.
The effect, therefore, of the proposed amendment, as to the Winfield Scott’s wheat, would be to enable the plaintiffs to recover the half of that claim which the moving papers show they have purchased since the commencement of the action, and which they could not recover, under any circumstances, as the action was originally framed.
As to the second amendment, I would say, that it is, in fact, the introduction of a new cause of action, instead of the one laid in the complaint —a cause of action against which the statute of limitations has run, and has become a complete bar.
To allow the second amendment would be to deprive the defendant of a legal defense, that is, of the statute of limita *624 tions. The. effect of the amendment sought, is to institute a new suit. The defendant has a vested and absolute right under the statute of limitations. These rights cannot be divested by an original action, nor should they be divested indirectly by adding a new count and giving it a relation which overreaches the defendant’s rights. It seems to me that by allowing this amendment, we are indirectly depriving this defendant of all lawful benefit under the act. The rule is well established, and has often been acted upon in the English courts, and in the courts of this country, that, where the statute of limitations has attached, such an amendment will not be allowed. (Willink v. Renwick, 22 Wend. 608.)
It will be seen by the papers used on this motion, that the purchase of the cargo of the ship Winfield Scott and that of the cargo of the ship Capitol were separate and distinct transactions, several days having elapsed between the purchases ; that no running account, or account current of any kind, had ever existed between the parties. On the contrary, as each of the cargoes was purchased, it was disposed of solely on its own merits, without any regard to the other cargo. This being the case, and as this second amendment would amount to a new and separate cause of action, and as that cause of action has been barred by the statute of limitations, this amendment cannot be allowed.
The motion to amend must be denied, with $10 costs of the motion.