DANIEL C. HEWITT et al., Appellants, *v.* THE CITY MILLS, Respondent.

Where costs are taxed without notice, as authorized by the Code of Civil Procedure (§ 3264), and the amount as adjusted is entered in the judgment, this is final in form and complete. If upon retaxation the costs are reduced, the judgment is not to be changed, but the amount of the reduction is to be credited on the execution.

Judgment in favor of plaintiff was duly filed and entered herein upon a decision of the trial court; costs having been taxed and adjusted without notice. A copy of the decision and judgment with notice of its entry was served. On the same day a notice of retaxation was served and, five days later, the costs were retaxed without changing the amount. An appeal was taken from the judgment eighty days after service of copy judgment with notice of entry. Plaintiff's attorney returned the notice of appeal as not having been served in time and made a motion at General Term to dismiss the appeal, which was denied. *Held,* error.

(Argued November 28, 1892; decided December 13, 1892.)

APPEAL from order of General Term of the Supreme Court in the third judicial department, made September 13, 1892, which denied a motion to dismiss an appeal by defendant from a judgment in plaintiff's favor.

· This was a motion to dismiss an appeal; the material facts are stated in the opinion in full.

*Edward P. White* for appellants. The order is appealable. (Code Civ. Pro. §§ 784, 1351; *Clapp* v. *Hawley,* 97 N. Y. 610; *Thurber* v. *Chambers,* 60 id. 29; *In re N. Y. C. & H. R. R. R. Co.,* 60 N. Y. 112.) The appeal from judgment was not in time. (*Humphrey* v. *Chamberlain,* 11 N. Y. 274; *Wait* v. *Van Allen,* 22 id. 319; Code Civ. Pro. §§ 3262–3267; *Wilson* v. *Palmer,* 75 N. Y. 250; *De Mott* v. *Kendrick,* 63 Hun, 112; *Yates* v. *Burch,* 87 id. 409; *Sherman* v. *Wells,* 42 Barb. 444.) The order should be reversed. (*Salles* v. *Butler,* 27 How. Pr. 133, 27 N. Y. 638; *Durant* v. *Abendroth,* 8 Civ. Pro. Rep. 87.)

*Z. S. Westbrook* for respondent. The order denying the motion to dismiss defendant's appeal was right. (*De Mott* v. *Kendricks*, 63 Hun, 112.) The service of the copy, judgment and notice of entry containing the amount of plaintiffs' costs before readjustment, was ineffectual to limit the defendant's time to appeal. (*De Mott* v. *Kendrick*, 63 Hun, 112 ; *Sherman* v. *Wells*, 14 How. Pr. 522 ; *Thurber* v. *Chambers*, 60 N. Y. 29 ; *Good* v. *Daland*, 119 id. 153 ; *Kelly* v. *Sheehan*, 76 id. 325.) The order is not appealable to the Court of Appeals. (*Thurber* v. *Chambers*, 60 N. Y. 29 ; *Cushman* v. *Brundett*, 50 id. 296.)

*Per Curiam*. On the twenty-third day of May, 1892, the decision of the trial court and judgment thereon in this action were duly filed and entered in the clerk's office of Montgomery county, the defendant's costs having been taxed and adjusted without notice. On the same day a copy of the decision and judgment with notice of the entry thereof were duly served on the defendants. On the same day also a notice of retaxation of the costs was served, and five days later, on the twenty-eighth day of May, the costs were retaxed without alteration. The plaintiff appealed from the judgment to the General Term of the Supreme Court on the nineteenth day of August, eighty days after the service of a copy of the judgment with notice of its entry. Plaintiff's attorney immediately returned the notice of appeal as not having been served in time, and thereafter he made a motion at the General Term to dismiss the appeal upon the ground that it had not been taken in time ; and the motion having been denied he appealed to this court.

The sole ground upon which the learned counsel for the defendant seeks to maintain that his notice of appeal was served in time is that the plaintiffs had procured a readjustment of their costs subsequently to the entry of their judgment.

We will call attention to the provisions of the Code bearing upon this point. Section 3262 provides that costs must be

taxed by the clerk on the application of the party entitled thereto, and the amount thereof must be inserted by him in the judgment. The next section provides that the costs may be taxed on notice to the adverse party; and section 3264 provides as follows: " Costs may also be taxed without notice. But where they are so taxed, notice of retaxation thereof must immediately afterwards be given, as prescribed in the last section, by the party at whose instance they were taxed, in default whereof the court must upon the application of a party entitled to notice, direct a retaxation, with costs of the motion, to be paid by the party in default. The court may, in its discretion, upon the application of a party interested, direct a retaxation of costs at any time. Any sum, deducted upon a retaxation, must be credited upon the execution, or other mandate issued to enforce the judgment."

It appears from these provisions that where costs are taxed without notice to the opposite party the amount of them as adjusted is to be entered in the judgment, and the judgment is to remain unaltered and is final in form and complete. If the costs are retaxed and reduced upon the retaxation, the judgment is not to be changed, but the amount of the reduction is to be credited upon the execution. Here, however, there was no change in the amount of the costs, and even if there had been a reduction of the costs upon the retaxation, the copy of the judgment and notice of its entry would have been precisely the same as the copy and notice served. Under the provisions of the Code as they now exist we think there can be no doubt that the appeal was not in time, and the plaintiff's motion should, therefore, have been granted.

The order of the General Term should be reversed and the motion to dismiss the appeal granted, with costs in this and the Supreme Court.

All concur.

ORDER reversed.