(3 Misc. Rep. 512.)

BAKER v. CODDING et al.

(Common Pleas of New York City and County, General Term. May 1, 1893.)

COSTS—NEW TAXATION—MODIFICATION OF JUDGMENT.

    Code Civil Proc. § 3262, declares that all costs, except interlocutory costs, and those awarded in special proceedings, must be taxed by the clerk. Section 3264 authorizes the court, in its discretion, on application of a party interested, to direct a retaxation of costs at any time. Section 3265 allows the court to review a taxation or retaxation of costs on motion for a new taxation, and gives an order made on such a motion, which allows or disallows any item objected to before the taxing officer, the effect of a new taxation. *Held*, that whether a new taxation requires the modification of a judgment previously entered cannot be considered unless the record for review shows a motion for such taxation, or that the taxation was directed, or the former taxation set aside.

Appeal from city court, general term.

Action by Ebenezer T. Baker against D. Edgar Codding and Osmund G. Atwood. From two several orders of the general term of the city court, (21 N. Y. Supp. 1136,) each affirming an order at special term denying plaintiff's motion to modify or correct a judgment for costs in defendants' favor by reducing the amount to the costs as adjusted upon a retaxation thereof, plaintiff appeals. Affirmed.

For former reports, see 18 N. Y. Supp. 159, 21 N. Y. Supp. 1131.

Argued before BISCHOFF and PRYOR, JJ.

George Carlton Comstock, (Leonard S. Wheeler, of counsel,) for appellant.

Douglass & Minton, (John B. Adger Mullally, of counsel,) for respondents.

BISCHOFF, J. Upon defendants' appeal from a judgment for plaintiff the general term of the court below directed its reversal, and awarded judgment absolute for defendants, with costs. The costs were taxed by the clerk without notice to plaintiff's attorney, and judgment for the amount was entered in defendants' favor. Thereafter defendants caused notice of retaxation to be given, as required by section 3264 of the Code of Civil Procedure. From the clerk's taxation the parties appealed to the justice at special term, who disallowed certain items, and thereupon the costs were again taxed by the clerk. Plaintiff then moved that the judgment be modified or corrected by reducing it to the amount of costs as last taxed; and from the orders denying the motions, and the orders of the general term affirming the first-mentioned orders, this appeal is taken.

By section 3262 of the Code of Civil Procedure it is provided that all costs, except interlocutory costs, and such as may be awarded in special proceedings, must be taxed by the clerk. Section 3264 authorizes the court, in its discretion, upon application of a party interested, to direct a retaxation of costs at any time; and section 3265 allows the court to review a taxation or retaxation of costs upon a motion for a new taxation. The section last cited gives an order made upon a motion for a new taxation, which allows or disallows any item objected to before the taxing officer, the effect of a new taxation. A retaxation of costs either affirms, modifies, or corrects the taxation had. A new taxation necessarily implies that the former taxation is vacated or annulled. Murdock v. Adams, 10 Hun, 566. The new taxation supersedes a former taxation. In Hewitt v. City Mills, 32 N. E. Rep. 768, the court of appeals held that a judgment entered for the costs of the action, which were taxed without notice, is not affected by a subsequent retaxation of the costs, except that any sum which was disallowed upon such retaxation must be credited upon the execution or other mandate issued to enforce the judgment, as directed by section 3264 of the Code of Civil Procedure, and that the time within which an appeal from the judgment must be taken cannot be extended by a retaxation of the costs, whether they be reduced

or not.   The judgment remains as it was entered.   What the ef-
fect of a new taxation of the costs pursuant to the provisions
of section 3265 of the Code of Civil Procedure is upon a judgment
previously entered is a question which cannot arise on this appeal,
since the record does not disclose that a motion therefor was made,
or that a new taxation was directed, or the former taxation set
aside.   We have not failed to observe appellant's contention that
unless the judgment is reduced he will be compelled to give secu-
rity for more than is due, should he wish to appeal therefrom.
But the right of appeal is at all times subject to legislative discre-
tion.   Ryan v. Waule, 63 N. Y. 57; In re Palmer, 40 N. Y. 561.
Hence, if appellant desires to avail himself of the remedy, he must
assume the burdens which it imposes.   The orders appealed from
are affirmed, with the costs of one appeal.