(16 Misc. Rep. 39.)

QUIGG v. INTERNATIONAL SHIRT & COLLAR CO.

(Supreme Court, Appellate Term, First Department. February 26, 1896.)

APPEALS FROM INFERIOR COURTS—NECESSITY FOR SECURITY.

Under Code Civ. Proc. §§ 1340, 1341, providing for appeals to the supreme court from inferior courts, and requiring security to be given, as amended (Laws 1895, p. 840, c. 946), security is not necessary on an appeal from a judgment of the general term of the city court of New York, set for hearing at the appellate term.

Appeal from city court, general term.

Action by Edward C. Quigg against the International Shirt & Collar Company. From a judgment for defendant, plaintiff appealed. Respondent moves to dismiss the appeal for failure of appellant to give security. Denied.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Fromme Bros., for appellant.
D. Leventritt, for respondent.

PER CURIAM. Appeals from judgments of the general term of the city court of New York are governed by the provisions of sections 1340 and 1341 of the Code of Civil Procedure, together with the further provisions of titles 1 and 3 of the twelfth chapter of

that act (Code, § 3192), except as modified by Code, §§ 3193, 3194. These latter do not affect the question before the court, viz. whether security is necessary to perfect such an appeal.   Section 1340 of the Code (amended, Laws 1895, p. 840, c. 946) provides for appeals (such as the present) from "inferior and local courts heretofore heard by the court of common pleas for the city and county of New York," etc., to the supreme court, after January 1, 1896; and the hearing and determination of such appeals is had at the appellate term.   Code, § 3191, subd. 1.   To perfect such an appeal, security is not required.   Code, § 1341.   Under former statutory conditions, security to perfect an appeal from a judgment of the city court of common pleas was held to be essential.   Carling v. Purcell, 3 Misc. Rep. 55, 22 N. Y. Supp. 558.   But by the amendment noted the call for such security was made to cease with the existence of that court, and with the beginning of the present appellate practice.

Motion denied, with $10 costs.