(38 Misc. Rep. 661.)

### GABAY v. DOANE et al.

(Supreme Court, Special Term, New York County. September, 1902.)

1. APPEAL—NOTICE OF JUDGMENT—SUFFICIENCY.

Under Code Civ. Proc. § 1351, relative to appeals to the appellate division, and providing for an appeal within 30 days after service of a copy of the judgment or order appealed from, and a written notice of the entry thereof, on the attorney for the appellant, where the copy served of an interlocutory judgment differed from the original, in that it was not under seal, and did not bear the same date, and gave the clerk's name as "Thomas L.," instead of "Thos. L.," and merely stated, as regards the entry, that the judgment was filed in the office of the clerk, it was insufficient to limit the time for appeal.

Action by Henry G. Gabay against John E. Doane and others. Judgment sustaining demurrer to answer. Motion to compel party to accept notice of appeal. Granted.

See 73 N. Y. Supp. 381.

E. S. Clinch, for the motion.
J. C. Palmer, opposed.

GILDERSLEEVE, J. An interlocutory judgment sustaining plaintiff's demurrer to one of the defenses set up in the answer was entered on June 30, 1902. This judgment was signed, "Thos. L. Hamilton, Clerk," and was under seal. The plaintiff served upon defendant's attorney a paper which was a copy of said judgment, except in these particulars, viz.: It was dated June 28, 1902, instead of June 30, as in the original, and it was signed, "Thomas L. Hamilton, Clerk," instead of "Thos. L. Hamilton, Clerk," and there was no suggestion that it was under seal. With this paper was served a notice that the same was a copy of a judgment "filed in the office of the clerk of the supreme court," etc. The defendant claims that the notice was defective, for the reason that it did not state that the judgment was "entered," but substituted the word "filed" for the word "entered." Some time after 30 days from the service of these papers, as aforesaid, had expired, the defendant served notice of appeal from the said interlocutory judgment, which notice was returned as served too late. Defendant now makes this motion to compel plaintiff to accept said notice of appeal, claiming that the time to appeal had not commenced to run, by reason of the defects in the said papers above referred to. Section 1351 of the Code provides that the appeal must be taken within 30 days after service upon the attorneys for the appellant of "a copy of the judgment or order appealed from," and of a written notice of the "entry" thereof. There is no power in this court to extend a party's time to appeal when it has once expired. Code, § 784; Clapp v. Hawley, 97 N. Y. 610. As we have seen, however, defendant claims that no valid service of a copy of the interlocutory judgment and notice of entry has been made, and the time to appeal has not expired. In the case of Livingston v. Railroad Co., 60 Hun, 474, 15 N. Y. Supp. 191, Mr. Justice Patterson writes as follows, viz.:

"Strict compliance with this provision [Code, § 1351] is required, to operate a limitation of the time allowed [to appeal]; and so much do the courts favor the right of appeal that they have gone to great length in upholding the most technical objections to the sufficiency of the papers served pursuant to the section of the Code referred to."

In that case a defect not more serious than those in the case at bar was held sufficient to uphold a claim that the time to appeal had not commenced to run. In the same case, Mr. Justice Barrett, writing a concurring opinion, states that an acknowledgment of the receipt of the defective papers by the appellant's attorneys, and an expression of belief on their part that their time to appeal had commenced to run, did not operate, in any sense, as a waiver. Again, in the case of Good v. Daland, 119 N. Y. 153, 23 N. E. 474, it was held that a respondent, in moving to dismiss an appeal on the ground that the time for appealing had expired before service of notice of appeal, stands upon a strict right, and must show a strict and technical compliance with the statute on his part, to entitle him to the relief sought. In that case the copy served was a true copy of the judgment, except that it omitted the attestation of the clerk, and it was held defective and not operative to set the time to appeal running. In view of the authorities above quoted, I think this motion

must be granted, notwithstanding the trifling nature of the defects above enumerated. No costs.

Motion granted. No costs.