## SALZMAN v. MANDEL.

(Supreme Court, Appellate Term. January 17, 1906.)

APPEAL—LIMITATIONS—ENTRY OF JUDGMENT—SERVICE OF COPY—DEFECTS IN
COPY.

The abbreviation of the word "Thomas" to "Thos.," in the clerk's signature upon the copy of the judgment served upon defendant's attorney, is insufficient to invalidate the notice of entry of judgment, so as to preclude that notice from setting in motion the time within which an appeal from the judgment must be taken.

Appeal from City Court of New York, Special Term.

Action by Yetta Salzman against Adolf Mandel. From an order denying a motion to compel plaintiff's attorney to accept notice of appeal, defendant appeals. Affirmed.

Argued before SCOTT, P. J., and BLANCHARD and DOWLING, JJ.

Joseph Wilkenfeld, for appellant.
Otto Horwitz, for respondent.

BLANCHARD, J. This is an appeal by the defendant from an order denying defendant's motion to compel the plaintiff's attorney to receive and accept a notice of appeal from a judgment in this action. The notice of appeal was returned upon the ground that it was served after the time to appeal had expired. The defendant seeks relief from the default upon the ground that the notice of entry of judgment, as served upon him, was defective and insufficient to start running the time within which to appeal. The sole defect relied upon is that, while the judgment is signed "Thomas F. Smith, Clerk," the copy served upon defendant's attorney is signed "Thos. F. Smith, Clerk."

The simple abbreviation of the word "Thomas" to "Thos.," in the clerk's signature upon the copy judgment served upon the defendant's attorney, seems, alone, insufficient to invalidate the notice of entry from which to start running the time to appeal. Gabay v. Doane, 38 Misc. Rep. 661, 78 N. Y. Supp. 224, upon which the defendant relies, is distinguishable, in that two other mistakes occurred in the copy judgment. See, also, Falker v. Railroad Co., 100 N. Y. 86, 2 N. E. 628; People v. Keator, 101 N. Y. 610, 3 N. E. 903.

Order affirmed, with costs and disbursements. All concur.