(50 Misc. Rep. 629)

DOBYNS v. COMMERCIAL TRUST CO.

(Supreme Court, Appellate Term. April 24, 1906.)

1. APPEAL—TIME FOR TAKING—TERMINATION OF TIME.

Where appellee's claim that appellant's time to appeal had expired when the notice of appeal was served was based upon the technical sufficiency of the entry of judgment and notice of entry to set the time running, the

court will give the defending appellant the benefit of any technicalities which may serve him, so far as the steps taken by the adversary may have been insufficient to fix the time.

**2. SAME.**

The entry of a judgment with the adjustment of costs still open does not suffice to support a notice of entry which will operate to limit the time for taking an appeal.

[Ed. Note.—For cases in point, see vol. 2, Cent. Dig. Appeal and Error, § 1897.]

Appeal from City Court of New York, Special Term.

Action by Robert A. B. Dobyns against the Commercial Trust Company. From an order denying a motion to compel defendant to accept a notice of appeal, plaintiff appeals. Reversed.

Argued before SCOTT, P. J., and TRUAX and BISCHOFF, JJ.

Alexander S. Bacon, Esq., for appellant.

John J. O'Connell, Esq., for respondent.

BISCHOFF, J. The defendant's assertion that the plaintiff's time to appeal had expired when the notice of appeal was served was based upon the technical sufficiency of the entry of judgment and notice of entry to set the time running. If the time had commenced to run when the notice of entry was served, the plaintiff was in default, and could not be relieved; but where, as here, the bare technicality is asserted, the court is to give the intending appellant the benefit of any technicalities which may serve him, so far as the steps taken by his adversary may have been insufficient to fix the time for an appeal. Livingston v. Ry. Co., 60 Hun, 474, 15 N. Y. Supp. 191.

In the present case, it appears that when the notice of entry was served the costs to be inserted in the judgment, taxed without notice, were noticed by the defendant for retaxation a day later, the notice of retaxation being served with the notice of entry; computing the time to appeal from the time of service of the notice of entry, the plaintiff's notice of appeal was 24 hours late. The entry of the judgment with the adjustment of costs still open, however, did not suffice to support a notice of entry which would operate to limit the time to appeal. The point has been directly decided (De Mott v. Kendrick, 63 Hun, 112, 17 N. Y. Supp. 630), and the plaintiff was entitled to the order which he sought.

Order reversed, with $10 costs and disbursements, and motion granted, with $10 costs. All concur.