### OST v. SALMANOWITZ et al.

(Supreme Court, Appellate Term.   June 6, 1907.)

**1. APPEAL—RECORD—PRINTED PAPERS.**

An order on a motion to review a taxation of costs, which does not appear in the printed papers on appeal, cannot be reviewed.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error, § 2949.]

**2. JUDGMENT—MODIFICATION—COSTS.**

Where a motion is made for retaxation of costs, and some of the items are disallowed, the court has no right to reduce or modify the judgment, but is only entitled to direct that the amount disallowed be credited on the execution, as expressly provided by Code Civ. Proc. § 3264.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 30, Judgment, § 612.]

**3. APPEAL—TIME OF TAKING PROCEEDINGS.**

A City Court judgment was entered and the costs taxed on February 6, 1907. On February 13th the court determined the motion for retaxation of costs, by which certain items were disallowed, and on the 18th defendant filed and served a notice of appeal, reciting that the appeal was taken from the judgment entered on the 6th, and also from the order denying defendant's motion for a new trial, entered on February 15th. *Held*, that the order retaxing the costs did not amount to a re-entry of the judgment, so that the appeal was not taken within 10 days, as required by Code Civ. Proc. § 3190, and was ineffective as an appeal from the judgment, but was taken in time to perfect an appeal from the order denying defendant's motion for a new trial.

Appeal from City Court of New York, Special Term.

Action by Beille Ost against Jacob Salmanowitz and others. From an order of the New York City Court directing plaintiff to accept a notice of appeal, he appeals. Modified and affirmed.

Argued before GILDERSLEEVE, P. J., and FITZGERALD and GOFF, JJ.

Charles S. Rosenthal, for appellant.

Bernard Hess, for respondents.

FITZGERALD, J.   A judgment in the City Court in this case was entered and the costs taxed on February 6, 1907. Subsequently the defendant made a motion to review the taxation of costs, and on February 13, 1907, the court made an order, which it is claimed by the respondent herein was one "modifying and reducing the judgment." This order, however, does not appear in the printed papers, and therefore cannot be considered. It may be said, however, that it is clear that the motion was one merely for a review of taxation of costs, and not one to amend or correct the amount of a verdict given or judgment rendered. In such a case the court has no right to reduce or modify the judgment, but merely to direct that the amount disallowed, if any, be credited upon the execution. Section 3264, Code Civ. Proc; Hewitt v. City Mills, 136 N. Y. 211, 32 N. E. 768; Baker v. Codding, 3 Misc. Rep. 512, 23 N. Y. Supp. 5. The judgment itself remains unchanged.

On February 18, 1907, the defendant filed and served a notice of appeal, reciting therein that the appeal was taken from the judgment entered on the 6th day of February, and also from the order denying

defendants' motion for a new trial "entered herein on the 15th day
of February, 1907." This notice of appeal was returned by the
plaintiff's attorney as not having been served in time. The defend-
ant thereupon moved for an order compelling the plaintiffs' attorney
to accept such notice, and from an order made granting defendants'
motion plaintiff appeals.

It is evident that but one judgment has ever been entered in this
case, and that under the facts shown herein but one judgment could
legally have been entered. That was entered February 6, 1907. It
is not claimed that, after the order was made disallowing a portion
of the costs, another judgment based upon that order was entered,
and that order should have directed the amount of costs disallowed to
be applied upon the execution. That being so, a notice of appeal from
the judgment, filed and served February 18th, was too late. Section
3190, Code Civ. Proc. The notice of appeal, however, was also from
the order, entered February 15th, denying the defendants' motion
for a new trial; and as an appeal from the order alone was filed and
served in time.

The order appealed from must be modified, by directing that the
plaintiff's attorney be required to accept said notice of appeal as an
appeal from the order aforesaid, and, as modified, affirmed, without
costs or disbursements to either party to this appeal. All concur.