(57 Misc. Rep. 156.)

GERSMAN v. LEVY et al.

(City Court of New York, Special Term. December, 1907.)

1. APPEAL—TIME OF TAKING—PROCEEDING—NOTICE OF JUDGMENT.
    A notice of entry of judgment is not a nullity on account of the misspelling of plaintiff's name by adding an additional "n" to the surname.

2. SAME.
    A notice of entry of judgment is not a nullity because a part of the notice is printed and a part written.

3. SAME.
    A notice of entry of judgment, served by plaintiff in violation of a stay of proceedings, will not limit the time for appeal.

Motion granted.

———————

GERSMAN v. LEVY et al.

(Supreme Court, Appellate Term. February 28, 1908.)

1. COURTS—CITY COURT—APPEAL—TIME FOR PROCEEDINGS—NOTICE OF ENTRY OF JUDGMENT.
    Under Code Civ. Proc. § 3190, providing that an appeal from a judgment of the City Court must be taken within 10 days "after the service of a copy of the judgment or order appealed from, and a written notice of the date of entry thereof," plaintiff must be held to strict practice in serving the copy of the judgment.

2. APPEAL—SUFFICIENCY OF NOTICE OF ENTRY OF JUDGMENT.
    That the notices of entry of a judgment and of an order denying a motion for a new trial are partly written and partly printed is no objection to their sufficiency.

**3. JUDGMENT—ENTRY—"STAY."**

An oral direction by the judge, when directing entry of judgment, granting "ten days' stay," is generally to be regarded as meaning merely a stay of execution.

**4. MOTIONS—ENTRY OF ORDERS—DUTY OF CLERK.**

The modern practice of the preparation of orders by the attorneys in the case does not deprive the clerk of the right to do so, and it is his duty to enter all orders of the court, without special direction to that effect.

**5. SAME—ESSENTIALS OF ORDER.**

A direction of the court, when entered in the minutes of the trial by the clerk, has the full force of an order; and where the direction of the court for "ten days' stay" was entered in the minutes as "ten days' stay of execution after notice of entry of judgment," the entry became the order of the court, in the absence of any objection thereto.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 35, Motions, § 59.]

**6. JUDGMENT STAY—ENTRY OF ORDER.**

Any stay of judgment after a verdict for plaintiff is a favor to defendants, and they are bound to inform themselves as to its conditions without notice; and if the direction as entered by the clerk is not as broad as the court's direction, they should have its meaning definitely determined, or move to vacate the entry and service thereof.

**7. APPEAL—TIME FOR PROCEEDING—NOTICE OF COPY OF JUDGMENT OR ORDER —DEFECTS—NAMES.**

In the complaint and summons plaintiff's name was given as "Rudolph Gersman," and in the judgment in his favor his name was spelled with two "n's," and in the order denying defendants' motion for new trial it was given as "Rudolph Gersmann." *Held*, that the discrepancy did not invalidate the copy of the judgment and order served.

**8. SAME—NOTICE OF APPEAL—SUFFICIENCY—STATEMENT IN UNDERTAKING.**

An undertaking on appeal, stating that "appellants, feeling aggrieved thereby, intend to appeal therefrom," cannot be deemed an informal notice of appeal, so as to allow appellant to amend it as such nunc pro tunc after the time for giving such notice has passed.

**9. COURTS—CITY COURT—ORDER REQUIRING ACCEPTANCE OF NOTICE—REVIEW —MOTION TO DISMISS APPEAL.**

Unless an order by the City Court, requiring plaintiff's attorneys to accept service of notices of appeal, is absolutely void for want of jurisdiction, the question whether or not defendants' time to appeal had expired can only be determined upon appeal taken from such order, and not on motion to dismiss defendants' appeal.

**10. SAME—EFFECT OF TRANSFER—PROCEEDINGS IN LOWER COURT.**

The Special Term of the City Court has no jurisdiction to order plaintiff's attorneys to accept service of notice of defendants' appeal from a judgment of such court.

Appeal from City Court of New York, Special Term.

Action by Rudolph Gersman against David Levy and another. From a judgment for plaintiff, and an order denying a motion for a new trial, defendants appeal. On motion to dismiss. Appeal dismissed.

Argued before GILDERSLEEVE, P. J., and BISCHOFF, and MacLEAN, JJ.

J. C. Levi and Weil & Newhouse, for appellants.

Katz & Sommerich, for respondent.

GILDERSLEEVE, P. J. The plaintiff moves to dismiss the appeals herein, taken by the defendants from a judgment entered on

the verdict of a jury and from an order denying defendants' motion for a new trial.

The facts are undisputed. The action was tried on November 26, 1907; the jury rendering a verdict in favor of the plaintiff. The de-fendant, upon the rendition of the verdict, immediately moved to set it aside, upon the grounds specified in section 999 of the Code of Civil Procedure, which motion the court denied, giving the defendants an exception, and saying, as appears from the stenographer's notes, "Ten days' stay and thirty days to make a case." The judgment was en-tered in the clerk's office of the City Court on the same day of the trial, and a copy and notice of entry served on the defendants' attorneys, -and on the next day an order denying the defendants' motion for a new trial was also entered, and on that day (November 27, 1907) a copy of the order, with notice of entry, was served upon the defendants' attorneys, who admitted service thereof, and retained the copies served without objection. On December 6, 1907, the defendants filed and served an undertaking on appeal, and, as this undertaking was lost, on the next day a new one was filed and served on plaintiff's attorneys. This undertaking contained these words:

"And the appellants, feeling aggrieved thereby, intend to appeal therefrom to the Appellate Term of the Supreme Court, New York county."

Subsequently the sureties appeared at the office of the plaintiff's at-torneys and justified, by giving an affidavit as to their property. On December 20, 1907, the defendants served notices of appeal from the judgment and order upon the plaintiff's attorneys, who immediately returned them, on the ground that they were not served in time. There-after the defendants moved at a Special Term of the City Court for an order requiring the plaintiff's attorneys to accept the notices of ap-peal, which motion was granted, and the notices of appeal were re-served in pursuance of such order. The plaintiff has appealed from this last-named order, which appeal is now pending in this court.

Section 3190 of the Code provides that an appeal from a judgment or order of the City Court must be taken within ten days "after service of a copy of the judgment or order appealed from, and a written no-tice of the date of entry thereof." The first question to be determined here is: Were the notices of appeal served in time? We recognize the well-known rule that in a case of this kind the plaintiff must be held to strict practice. Good v. Daland, 119 N. Y. 153, 23 N. E. 474; Gabay v. Doane, 38 Misc. Rep. 661, 78 N. Y. Supp. 224; Curtis v. Ritzman, 7 Misc. Rep. 400, 27 N. Y. Supp. 971. But, if such practice has been regular and correct, the court has no power to extend the defendants' time in which to appeal. Section 784, Code Civ. Proc. The defendants' attorneys claim that their notices of appeal were serv-ed in time, and they called the attention of the court to numerous deci-sions in cases where the judgment lacked the "attestation" of the clerk, or the notice of the entry of the judgment or order did not show by "indorsement or otherwise the office address or place of business of the attorney serving it," or the notice of appeal did not contain the "date of the entry of the judgment," or the judgment "was not signed by the clerk," or the notice of entry was not "in writing." None of

these defects, however, appear in the papers in the case at bar. Since the amendment to section 1236 of the Code of 1897 (chapter 188, p. 77, Laws of 1897) the judgment does not require the "attestation" of the clerk, that provision having been omitted from the section; and the decisions cited by the defendants, so holding, were made prior to the passage of said amendment. The copies of the order and judgment served show that the order was signed by the trial judge, and the judgment was signed by the clerk of the City Court. They are properly indorsed, and give the names, office, and post office address of the plaintiff's attorneys. They are so indorsed upon the outside covers, and are so folded that they are plainly visible, and, as stated aforesaid, service thereof was duly admitted by the defendants' attorneys. That the notices of entry are partly written and partly printed is no objection to their sufficiency.

Another reason urged, as affecting the regularity of the entry of the judgment and order and the service of notice of entry, is that the trial judge granted a ten days' stay of "all proceedings," and that therefore the plaintiff had no right to enter the judgment and order, or to serve notice of their entry, while such stay was operative. This position is based upon the fact that the trial judge orally directed "ten days' stay" at the time the verdict was rendered. That similar directions are quite common, and are generally regarded as meaning merely a stay of execution, is well known in the practice. As to whether or not an oral direction regarding a stay, made by the trial judge in open court, has the effect of an order, without the subsequent entry of a formal order in accordance therewith, is in some doubt; the authorities not being in full accord. Smith v. Spalding, 30 How. Prac. 339; Wheeler v. Falconer, 7 Rob. 45–49; Seeman v. Reiche, 16 Wkly. Dig. 561. It was formerly the custom for the clerk of the court to enter all orders of the court, and because the modern practice of the preparation of the order by the attorneys in the case has become the almost universal practice does not deprive the clerk of the right to do so. It is the duty of the clerk to enter all orders of the court, without special direction to that effect. People v. City Bank, 53 Barb. 412. And a direction of the court, when entered in the minutes of the trial by the clerk, has the full force of an order. Gerity v. Sieger & Guernsey Co., 163 N. Y. 119, 57 N. E. 290. The judgment roll in this case was made a part of the moving papers herein, and handed up on the hearing of the motion; and it appears that the direction of the court regarding a stay was entered in the minutes as "ten days' stay of execution after notice of entry of judgment," and this court is therefore not called upon to construe the words used by the trial judge in granting a stay to the defendants. The order of the court as entered in the minutes conforms to the general acceptation of the meaning of the words "ten days' stay" when used by a trial court under such circumstances as appear here. Any stay after the rendition of the verdict was a favor to the defendants, and they were bound to inform themselves as to its conditions, without notice. Willink v. Renwick, 22 Wend. 608.

If the defendants' attorneys considered the direction of the court to be as broad as now contended by them, or if there was any doubt as

to its meaning, they could easily have had its meaning definitely determined, by promptly returning the judgment and order and notice of entry served upon them, or by moving to vacate the entry and service thereof. Not having done so, they apparently acquiesced in the plaintiff's right to make such entry and service. That a judgment entered without notice of taxation of costs, but a notice of retaxation thereafter given, does not extend the time in which to appeal, has been held by this court, in Ost v. Salmanowitz, 54 Misc. Rep. 547, 104 N. Y. Supp. 849, following the case of Hewitt v. City Mills, 136 N. Y. 211, 32 N. E. 768; and the case of Dobyns v. Commercial Trust Co., 50 Misc. Rep. 629, 98 N. Y. Supp. 748, must be deemed to be overruled. The attention of the learned justice who wrote the opinion in the latter case evidently was not called to the provisions of section 3264 of the Code, or to the case of Hewitt v. City Mills, supra.

The spelling of the plaintiff's name in the judgment and order does not exactly correspond with the spelling of his name in the summons and complaint in this respect: In the judgment the name "Gersman" is spelled with two "n's," instead of one; and in the order his name is spelled "Rudolf Gersmann," instead of "Rudolph Gersman"—and it is claimed that this discrepancy invalidates the copy of the judgment and order served. This objection is hardly worthy of mention. In the case cited by the defendants' attorneys (Gabay v. Doane, 38 Misc. Rep. 661, 78 N. Y. Supp. 224) in support of their contention there was not only an error in the spelling of the clerk's name affixed to the judgment, which is quite a different matter from the addition or omission of a single letter from the plaintiff's name, but the copy served was wrongly dated, and also stated that the judgment had been "filed," instead of "entered."

The defendants also urge that the filing and service of the undertaking containing the words above quoted therein is an informal notice of appeal, within the decision of Sherman v. Wells, 14 How. Prac. 522, which can be made good by the subsequent proceedings as taken in this case. It was held in that case that if the defendant "has appealed in due time, and given an informal notice of it, the court may allow him to amend his notice nunc pro tunc." There can be no question as to the correctness of that proposition. The court went further in that case, however, and also said:

"The serving of exceptions, or a case, is notice in writing that the party doing so intends to appeal. It gives notice to the successful party as clearly and distinctly as if an express notice to that effect was served. It should always, therefore, be deemed a sufficient notice of appeal, if served in due time, especially if not objected to."

The facts in that case are as follows: Plaintiff's attorney gave notice of taxation of costs for February 17, 1857, which was adjourned until February 21st; but by mistake the costs were taxed and judgment entered on the 20th, and notice given in writing that this had been done. It was then agreed between the attorneys that they should go before the clerk on the 21st of February and have the items of costs previously objected to submitted for adjustment, and any such item as should be disallowed should be deducted, and allowed upon the judgment and execution. The defendant had taken

exceptions at the trial, and before his time to appeal had expired he served upon plaintiff's attorney "exceptions in this action, also copy case as proposed." The court, in deciding the motion to compel the plaintiff to accept service of a formal notice of appeal, used the words above quoted, and also placed its decision upon the ground that when the plaintiff served his notice of entry of the judgment, on the 20th of February, it was uncertain for what amount the judgment would be, as it was agreed that the items disallowed should be deducted from the judgment, and this uncertainty continued until the 21st; that a notice of entry, when given, must mean from a judgment so perfected in form that on the very day on which the notice is given of its entry the appellant has on record a knowledge of all matters necessary to the perfection of an appeal.

The final ground upon which the decision in the foregoing case was based is undoubtedly correct; but we have been unable to find any case in which the courts have gone so far as to declare that the service of a bill of exceptions and a proposed case is sufficient as a notice of appeal. Even if we assume that such is the case, there is a notable and material difference between the service of a bill of exceptions and a proposed case and the service of an undertaking to stay an execution. The service of an undertaking is not a necessary step towards perfecting an appeal from a judgment or an order of the City Court. Sections 1341, 1343, Code Civ. Proc.; Quigg v. Int. Shirt Co., 16 Misc. Rep. 39, 37 N. Y. Supp. 916. Security is given for a separate and distinct purpose, and may or may not be followed by an appeal. The service of an undertaking can in no way be considered as more than a mere declaration of an "intent to appeal." The giving of the security in the case at bar was an acceptance of the grace of the court in granting the stay, and cannot reasonably be construed as the giving of a notice of appeal, informally or otherwise; nor can it be considered as one of the acts essential to an appeal, proof of the performance of which would enable the court to permit the appeal to be fully perfected by an observance of the other essential. If the defendants had gone no further in the action than the service of the aforesaid undertaking, the plaintiff could not have successfully made a motion to dismiss the appeal; his remedy being limited to a motion to set aside the undertaking upon the ground that no appeal had been taken.

We now come to the consideration of the question of the validity of the order made at the Special Term of the City Court requiring the plaintiff's attorneys to accept the notices of appeal served on the 20th of December. If the Special Term of the City Court had jurisdiction to make such an order, the plaintiff cannot, by these motions to dismiss the appeals, determine whether the order was properly made or not; but the merits of that motion must be determined upon the appeal from the order. In other words, the City Court, having made an order requiring the plaintiff's attorneys to accept service of the notices of appeal herein, whether or not defendants' time to appeal had expired can only be determined

upon the appeal taken from such order, as the order must remain in force until reversed or vacated, unless it is absolutely void for want of jurisdiction. A motion to dismiss the appeal from the judgment for failure to serve a notice of appeal within the statutory time was entertained and granted in the case of Goetz v. Met. St. Ry. Co., 54 App. Div. 367, 66 N. Y. Supp. 666; and in the case of Ziadi v. Int. St. Ry. Co., 97 App. Div. 137, 89 N. Y. Supp. 606, the court held that:

"The Special Term, after service of a notice of appeal, is without power to set aside such appeal, or to make an order that it stand."

The court further says:

"Were such procedure to obtain, it would vest in such Special Term the right to determine whether cases were or were not in this court. The uniform practice has been that the Appellate Division alone should determine what is before it."

We do not find that the foregoing has been reversed, overruled, or criticised, and we are bound by it. It seems, therefore, that the Special Term of the City Court was without jurisdiction of the subject-matter and had no power or authority to make the order referred to. The appeals must therefore be dismissed.

Appeals dismissed. Settle orders on notice.

BISCHOFF, J., concurs. MacLEAN, J., taking no part.