In re BRADLEY.

(Supreme Court, Appellate Division, Third Department.   May 3, 1911.)

1. EMINENT DOMAIN (§ 265*)—CHANGE OF GRADE—RIGHT TO COSTS—DISCRETION OF COURT.

   The only provision for costs in proceedings under the village law (Consol. Laws 1909, c. 64) § 159, for the appointment of commissioners to determine the compensation for the change of grade of a street, being that contained in section 159 relating to proceedings subsequent to the appointment of commissioners, and providing that, unless the award in favor of the claimant shall exceed the amount of the offer to settle or compromise, he shall be liable for all the costs, the allowance of costs in such proceedings prior to the appointment of commissioners is in the discretion of the court under Code Civ. Proc. § 3240, providing that the costs in a special proceeding instituted in a court of record may be awarded to any party in the discretion of the court at the rate allowed for similar services in an action brought in the same court.

   [Ed. Note.—For other cases, see Eminent Domain, Dec. Dig. § 265.*]

2. EMINENT DOMAIN (§ 265*)—CHANGE OF GRADE—COMPENSATION—PROCEEDINGS FOR ASSESSMENT—COSTS.

   Under Village Law (Consol. Laws 1909, c. 64) § 159, providing that all proceedings subsequent to the appointment of commissioners to determine the compensation for a change of grade of a street shall be taken in accordance with the provisions of the condemnation law as far as applicable, a petitioner to whom an award is made, to whom the village has made no offer of compromise, is entitled to costs under Code Civ. Proc. § 3372, requiring the clerk to tax costs at the same rate as is allowed, of course, to the defendant when he is a prevailing party in the Supreme Court.

   [Ed. Note.—For other cases, see Eminent Domain, Dec. Dig. § 265.*]

3. EMINENT DOMAIN (§ 265*)—CHANGE OF GRADE—TAXATION OF COSTS.

   In proceedings to determine the compensation for a change of grade of a street in a village, where the clerk on a retaxation of costs taxes them at a less sum than that fixed by the court in its order confirming the report of commissioners making an award to the petitioner, a subsequent order denying a motion for a new taxation does not affect the

petitioner's right to the costs awarded by the final order, in the absence of any pretense of mistake or omission in respect to the facts or the law in the original order.

[Ed. Note.—For other cases, see Eminent Domain, Dec. Dig. § 265.*]

Appeal from Special Term, Clinton County.

In the matter of the application of Mary H. Bradley for the appointment of commissioners to determine compensation on account of change of grade of a street in the Village of Ft. Edward. From an order denying a motion for a new taxation of costs, the petitioner appeals. Reversed and motion granted.

See, also, 68 Misc. Rep. 514, 125 N. Y. Supp. 142.

The proceeding was instituted under section 159 of the village law (chapter 64 of the Consolidated Laws) for the appointment of commissioners to determine the compensation to which the petitioner is entitled on account of the change of grade of a street in the village of Ft. Edward. No offer to settle or compromise the claim was made. An answer was served, but was withdrawn before trial, and three commissioners were appointed to ascertain the compensation to be made to the petitioner. The award of the commissioners was set aside and new commissioners were appointed who filed a report awarding to the petitioner the sum of $750. The report of the commissioners was confirmed. The order confirming the report provided that the petitioner should "recover $276.56 costs and disbursements in this proceeding to be taxed by the clerk against the village of Ft. Edward." The costs were taxed without notice at the sum of $276.56, and notice of retaxation was given. Upon the retaxation, the clerk struck out the following items: Costs before notice of trial before commissioners $25, costs after notice and before trial before commissioners $15, commissioner's fees first commission $156.06. The petitioner thereafter moved for a new taxation of costs and the motion was denied, and from the order denying the motion this appeal is taken.

Argued before SMITH, P. J., and KELLOGG, SEWELL, HOUGHTON, and BETTS, JJ.

Fred A. Bratt, for appellant.
Wyman S. Bascom, for respondent.

SEWELL, J. [1] The only provision relating to costs in this proceeding is contained in section 159 of the village law, and is as follows:

"All proceedings subsequent to the appointment of the commissioners shall be taken in accordance with the provisions of the condemnation law, so far as applicable, except that the commissioners in fixing their award must make an allowance for benefits, if any, derived by the claimant from such improvement. The amount agreed upon for such damages or the award therefor, together with the costs, if any, allowed to the claimant, shall be charged against such village. Unless the award of the commissioners in favor of the claimant shall exceed the amount of the offer to settle or compromise such claim, he shall be liable for all the costs of the proceeding."

It is plain from this provision that the allowance of costs in this case, for all proceedings prior to the appointment of the commissioners, was in the discretion of the court, under section 3240 of the Code of Civil Procedure.

[2] It is also apparent that under the provisions of section 3372 of the Code, which regulate the costs in a condemnation proceeding,

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the petitioner was entitled to recover costs of the proceeding, subsequent to the appointment of the commissioners, to be taxed by the clerk at the same rate as is allowed, of course, to the defendant when he is a prevailing party in an action in the Supreme Court. I am therefore unable to conceive any reason why the appellant was not entitled to have her costs retaxed by the clerk at $276.56, the amount awarded in the final order in the proceeding.

[3] With respect to the force and effect of the order denying the motion for a new taxation, it is only necessary to say that it did not affect the appellant's right to the costs awarded by the final order. Hewitt v. City Mills, 136 N. Y. 211, 32 N. E. 768. It was entered upon notice at the conclusion of the proceeding, and was a judicial determination of a substantial right. It is true, as the respondent contends, that a court possesses inherent power to correct a mistake or clerical error, but this rule has no application in a case where there is no allegation, or pretense of a mistake or omission in respect to the facts or the law. It follows that the order of the Special Term should be reversed, and that all the items contained in the bill of costs, amounting in the aggregate to the sum of $276.56, should be allowed, with $10 costs and disbursements. All concur.