## GREEN v. WATSON.

*(Supreme Court, General Term, Fifth Department. June 2, 1891.)*

MASTER AND SERVANT—WRONGFUL DISCHARGE—OBJECTIONS TO FELLOW-SERVANT.
 In an action for the wrongful discharge of plaintiff, who had been employed by defendant as captain of defendant's ship, it appeared that plaintiff objected to a person whom defendant was about to appoint as engineer of the ship, on the grounds that such person had threatened plaintiff's life, and that neither plaintiff nor the ship would be safe with him as engineer. On the appointment of the engineer, plaintiff refused to serve and was discharged. *Held*, that plaintiff was not entitled to recover.

Appeal from Erie county court.

Action by Lawrence Green against Henry W. Watson. From a judgment entered on a nonsuit directed at the trial, and also from an order denying plaintiff's motion to set aside the nonsuit and for a new trial, plaintiff appeals.

Argued before DWIGHT, P. J., and MACOMBER, J.

*Josiah Cook*, for appellant. *Tracy C. Becker*, for respondent.

MACOMBER, J. In the complaint it is alleged that the plaintiff was employed by the defendant as captain of the steam propeller St. Louis for the

season of navigation on the lakes in the year 1887 at a compensation of $1,500; that he began services as such captain on the 3d day of April of that year, and continued therein until September 2d, when he was discharged by the defendant without cause.   This action is brought to recover the proportionate share of such salary or compensation accruing after such illegal discharge, to-wit, the sum of $457.   No question is made but that the plaintiff was employed by the defendant, the latter being the owner of the propeller St. Louis, to act generally as the master of that steamer during the season of 1887.   The wrongful dismissal alleged against the defendant is denied.   It is shown on the part of the defendant that after the propeller had arrived at the city of Buffalo, where the owner resided, the engineer had voluntarily left the vessel, and that it became incumbent upon the defendant, as owner, to supply his place by another person.   This was accordingly done.   The plaintiff, however, ascertaining before such selection had been made that a certain person was likely thus to be chosen as engineer, objected to such appointment upon two grounds, one being that the person so selected was incompetent as a mechanical engineer, and, secondly, that the plaintiff, as master of the steamer, would regard himself and the vessel unsafe if such person acted as engineer because of threats made against the life and person of the master by such new engineer.   Evidence was offered upon these two matters and excluded by the court.   This opposition was made known to the defendant before the final appointment was made, but it was disregarded.   The plaintiff did, in substance, refuse to act as master if the new selection of engineer was made.   At the office of the defendant the plaintiff was asked to surrender to the defendant the boat's papers, whereupon the plaintiff replied that he would do so provided the defendant had no further use for him, (the plaintiff.)   Subsequently, on board the boat, the defendant discharged the master, whereupon the master handed him the boat's papers and stepped ashore.   The question here presented is whether or not the owner of the vessel had the absolute right to employ an engineer of his own choosing, or whether he was obliged to consult the wishes or caprices of the master.   No claim is made in the case that by the employment of the plaintiff the right was given to him to select the engineer or any other member of the crew.   In the absence of such an arrangement such right rested solely with the owner.   *Ward* v. *Ruckman*, 36 N. Y. 32.   We see in this instance no arbitrary or unlawful exercise of a right that the owner possessed to direct and control his own vessel.   The plaintiff, having refused to command the vessel further as master unless his wishes in regard to the engineer should be observed by the owner, placed himself voluntarily in an attitude utterly inconsistent with his duties as such master, and must be deemed, under the facts shown, to have been properly discharged. It follows, therefore, that no recovery could be had for the unexpired time contemplated by his original employment.   The judgment and order appealed from should be affirmed.