## SCHWARTZ *v.* GREEN.

*(Supreme Court, General Term, Fifth Department.　June 2, 1891.)*

1. PLEADING—BILL OF PARTICULARS—FACTS NOT KNOWN TO PLEADER.
   In an action for seducing plaintiff's daughter, defendant alleged in his answer that the daughter was a lewd woman, and that at divers times and places she had had intercourse with other men, but with whom, and at what particular places, defendant was unable to say.　*Held,* that defendant's objection that he could not furnish a bill of particulars as to the times and places at which, and the persons with whom, the intercourse alleged in the answer was had, more definitely than was stated in the answer, but that he hoped to be able to do so before the trial, could not prevail against plaintiff's right to the bill of particulars; Code Civil Proc. N. Y. § 531, providing that "the court may in any case direct a bill of particulars of the claim of either party to be delivered to the adverse party."

2. SAME—FACTS OTHERWISE OBTAINABLE.
   The giving of the bill of particulars in such case cannot be avoided on the ground that the daughter alleged to have been seduced, who had made an affidavit in plaintiff's behalf, had all the knowledge sought by plaintiff, and that she could disclose the same; the affidavit made by the daughter having denied that she ever had illicit intercourse with any man except defendant.

Appeal from special term, Steuben county.

Action by Joseph D. Schwartz against Theodore C. Green.　From an order directing defendant to serve a bill of particulars of the matters set up in the answer, defendant appeals.

Argued before DWIGHT, P. J., and MACOMBER, J.

*G. N. Orcutt,* for appellant.　*J. H. & C. W. Stevens,* for respondent.

MACOMBER, J.　This action was brought to recover damages for the seduction of the plaintiff's daughter.　The answer is: (1) A general denial.　(2) An allegation that at the time stated in the complaint, and for a long time prior thereto, and since that time, the plaintiff's daughter was a lewd, bawdy, and licentious woman, of a generally bad and immoral character, and so reputed to be; that on the two days named in the answer, at some place or places in the city of Hornellsville, but at what particular place the defendant alleges he is unable to state, this woman had carnal intercourse with a man whose name was unknown to the defendant; that at divers other places in the city of Hornellsville, and at various other times between the 1st day of January, 1889, and the 1st day of December, 1889, but at what particular times and places the defendant says he is unable to state, she had carnal intercourse with other persons unknown to the defendant.　Section 531 of the Code of Civil Procedure provides that "the court may in any case direct a bill of particulars of the claim of either party to be delivered to the adverse party."　It is claimed, however, by counsel for the appellant, that he cannot furnish the bill of particulars, for the reason that he is unable, at present, to give the times and places and names of the persons more definitely than he already has in the answer, but that he hopes to be able to do so before the trial of this case.　Such objections cannot prevail against the clear right that the plaintiff has to the bill of particulars demanded, particularly since the decision of the case of *Tilton* v. *Beecher,* 59 N. Y. 176.　It is the duty of the defendant, as was held in the case of *City of Rochester* v. *McDowell,* 12 N. Y. Supp. 414, on demand, to serve the best possible bill of particulars, and, if the same was not satisfactory, a motion might be made to compel the exhibition of another or further bill; that the provision of the Code cannot be defeated by mere allegation, on the motion to compel the rendering of some bill, that none can be made out.　It is the duty of the defendant to prepare such particulars as he can; then, if objection is made thereto, the whole question may be presented to the court upon its merits, in accordance with the ordinary rules of practice, as contemplated by the provisions of the court.

But it is further argued that the defendant's daughter, who has made an affidavit in the case in her father's behalf, has all the knowledge which the

plaintiff seeks, and she can disclose the same, and that consequently the information sought is within the knowledge and reach of the plaintiff. This argument would be in any case somewhat fallacious, but under the facts disclosed in these appeal papers it is shown by the affidavit of the young woman that she never had illicit connection with any person except the defendant. It is not reasonable, therefore, to argue from this that the plaintiff must be prepared to meet the allegations in the answer without further information; for a party, in preparing for trial, particularly in cases of this character, where reputation and personal chastity are involved, must not only be ready to meet the facts as he understands them, but also to meet the many allegations, whether true or false, that are set up to defeat a recovery. The order appealed from should be affirmed.