(97 App. Div. 137.)

### ZIADI v. INTERURBAN ST. RY. CO.

(Supreme Court, Appellate Division, Second Department. July 28, 1904.)

1. APPEAL—INTERLOCUTORY ORDERS—JURISDICTION OF TRIAL COURT.

    After service of a notice of appeal from an order denying a motion for a bill of particulars in part, the Special Term was without power to set the order appealed from aside, or to make an order that the order appealed from stand.

2. SAME—APPEAL FROM PARTS OF ORDERS.

    Code Civ. Proc. § 1300, providing that an appeal must be taken by serving on the attorney for the adverse party and on the clerk, and by filing in his office, a written notice to the effect that the appellant appeals from an order, or a specified part thereof, authorizes appeals from a part of an order, though the appellant accepted a benefit under the order appealed from, where there was no inconsistency in retaining such benefit and at the same time appealing from the order.

3. SAME—INJURIES—BILL OF PARTICULARS.

    In an action for injuries, defendant is entitled to a bill of particulars stating the expense plaintiff incurred for medical aid and medical supplies, together with the amount of time which plaintiff lost by reason of his injuries, and the wages he has been prevented from earning on account thereof, or, if plaintiff is unable to give such particulars, that he state such lack of knowledge or inability as a substitute for the information.

Appeal from Special Term, Kings County.

Action by Selim Ziadi against the Interurban Street Railway Company. From so much of an order as denied defendant's motion for a bill of particulars in part, defendant appeals. Reversed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, JENKS, and HOOKER, JJ.

Bayard H. Ames (F. A. Gaynor, on the brief), for appellant.

Henry W. Jessup, for respondent.

HOOKER, J. The motion to strike this case from the calendar should be denied. After the service of the notice of appeal, the Special Term was without power to set it aside or to make an order that it stand. Were such procedure to obtain, it would vest in the Special Term power to determine whether cases were or were not in this court. The uniform practice has been that the Appellate Division alone should determine what is before it. These reasons were quite sufficient to induce the learned Special Term to deny the defendant's motion to compel the plaintiff to accept the notice of appeal, after the same had been returned to the attorney for the defendant.

Section 1300 of the Code of Civil Procedure distinctly allows appeals from specified parts of orders or judgments. While it is generally true that the party cannot take the benefit of an order and at the same time have an appeal therefrom, the rule invariably applies when the benefits or advantages of the order are conditional. "So, to make the acceptance of a benefit under an order operate as a waiver of the right of appeal, there must be an inconsistency in retaining such benefit and at the same time appealing from the order." Matter of

¶ 3. See Pleading, vol. 39, Cent. Dig. § 962.

Water Commissioners of Amsterdam, 36 Hun, 534, citing Knapp v. Brown, 45 N. Y. 207; Benkard v. Babcock, 27 How. Prac. 391. See, also, Van Loan v. Squires, 51 Hun, 360, 4 N. Y. Supp. 371.

The order under review upon this appeal must be modified. The action is for personal injuries alleged to have been received by the plaintiff by reason of the negligence of the defendant, and the defendant moved at Special Term for a bill of particulars. The motion was granted in part, and the defendant appeals from so much of the order as denies a bill of particulars in respect to the balance of the demand made in the notice of motion. Particulars, so far as practicable, in relation to expenses incurred by plaintiff for medical aid, doctor's bill, and medical supplies, defendant should have (Steinau v. Metropolitan Street R. Co., 63 App. Div. 126, 71 N. Y. Supp. 256; Quinn v. Fitzgerald, 87 App. Div. 539, 84 N. Y. Supp. 728); and the plaintiff should furnish a bill of particulars from which the defendant may be advised as to the amount of time the plaintiff has lost by reason of his injuries and the wages he has been prevented from earning on account thereof (Quinn v. Fitzgerald, supra). If the plaintiff should be unable to furnish any of this information, or to furnish it completely, he should be directed to state such lack of knowledge or inability as a substitute for the information requested by the demand. Schwartz v. Green, 38 N. Y. St. Rep. 569, 14 N. Y. Supp. 833.

The order, so far as appealed from, should be reversed with $10 costs and disbursements. The motion for the particulars referred to should be granted. All concur.