(116 App. Div. 892)

### FERRIS v. BROOKLYN HEIGHTS R. CO.

(Supreme Court, Appellate Division, Second Department.   January 31, 1907.)

PLEADINGS—BILL OF PARTICULARS—ACTION FOR PERSONAL INJURIES.

    In an action for an assault upon a passenger by an electric railway company's servants, where the company operates many cars and employs many men, it is entitled to a bill of particulars specifying the place and exact time of day that the injury occurred, the direction the car was going, the number of the car, the line, the badge numbers of the motorman and conductor, the length of time he was confined to bed and the house, the amounts paid for doctor bills and medicine, nature of his business, his average earnings, and the time of his detention from work, or specifying his inability to give such particulars; but, there being no allegation of permanent injuries, he cannot be required to give an exact statement of the injuries claimed to have been sustained by him, or the nature, extent, and effects of the same.

    [Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Pleading, §§ 954, 962.]

Appeal from Special Term, Kings County.

Action by Charles D. Ferris, an infant, by Marie F. Ferris, his guardian ad litem, against the Brooklyn Heights Railroad Company. Plaintiff appeals from an order for a bill of particulars.   Modified and affirmed.

Argued before HIRSCHBERG, P. J., and JENKS, RICH, MILLER, and GAYNOR, JJ.

Arthur Ofner, for appellant.

I. R. Oeland, for respondent.

JENKS, J.   The plaintiff appeals from an order for a bill of particulars.   The action is for an assault by the defendant's servants upon the plaintiff when a passenger on one of defendant's cars.   I think a bill of particulars is proper in this case to reach justice and to afford the defendant fair opportunity for preparation to meet the issue.   Dwight v. Germania Life Ins. Co., 84 N. Y. 493.   The defendant is a corporation which works many cars and employs a large number of men.   An allegation that on or about a certain day, when the plaintiff was a passenger on a car on a specified line on a specified street, he was assaulted by the defendant, its conductor, agents, servants, and employés in charge of said car, is indefinite to the extent that it leaves the defendant in the dark as to the day, the time of day, the car, or the servants, and requires a minute, searching, and laborious investigation by the defendant before it can throw any light upon the alleged occurrence.

The bill requires the plaintiff to name "the place and exact time of day that the accident (sic) happened, and also direction the car was going."   There is nothing unreasonable in these requirements.   The information not only serves to locate and specify the occurrence, but also the car, and consequently those in charge of it, as it is common knowledge that the defendant keeps a record of its cars, their trips, and the particular servants in charge of each of them.   See Kerch v. Rome, Watertown and Ogdensburg R. R. Co., 14 N. Y. St. Rep. 446.

The bill also requires the number of the car, line, and badge number of the motorman and conductor.   This is but to specify the car among

the many worked by the defendant, and to identify the servants out of the many employed by it. In Shepard v. Wood, 102 N. Y. Supp. 306, decided in this court January 25, 1907, Gaynor, J., for the court, says in discrimination:

"This is not like the case of a street car accident, where the company may require the hour of the day in order to identify the car out of many cars."

If the plaintiff knew the names of the servants, he could be required to give them. See Causullo v. Lenox Construction Co., 106 App. Div. 575, 576, 94 N. Y. Supp. 639. Of course, it is not essential to complaint or recovery that the plaintiff should give the numbers of the servants, or their names; but that is not the question. If he knew the numbers, there is no good reason why he should not furnish the information, and there are many reasons which I have indicated why he should do so.

I think that the plaintiff should not be required to give the "exact statement of injuries claimed to have been sustained" by him, or "the nature, extent, and effects of same"; for there is no allegation of permanent injuries. English v. Westchester Electric R. Co., 69 App. Div. 576, 75 N. Y. Supp. 45; Steinau v. Metropolitan Street R. Co., 63 App. Div. 126, 71 N. Y. Supp. 256. The requirements of a setting forth of the length of time the plaintiff was confined to bed and house, the amounts paid for doctor's bills and medicines, the nature of his business, average earnings, and the time of his detention from work, are proper. Steinau v. Metropolitan St. R. Co., supra; O'Neill v. Interurban St. Ry. Co., 87 App. Div. 556, 84 N. Y. Supp. 505; Ziadi v. Interurban St. Ry. Co., 97 App. Div. 137, 89 N. Y. Supp. 606, and cases cited. In the case last cited we said, per Hooker, J.:

"If the plaintiff should be unable to furnish any of this information, or to furnish it completely, he should be directed to state such lack of knowledge or inability as a substitute for the information requested by the demand. Schwartz v. Green (Sup.) 14 N. Y. Supp. 833."

The order must be modified as indicated, and, as modified, affirmed, without costs to either party. All concur.