GERSMAN v. LEVY et al. (two cases).

(Supreme Court, Appellate Division, First Department.   May 8, 1908.)

1. COURTS—APPEAL—SUPREME COURT—APPELLATE TERM.
    There is no appeal from the Appellate Term of the Supreme Court, except such as is allowed by statute.

2. SAME—ORDER DISMISSING APPEAL.
    Code Civ. Proc. § 3191, declares that an appeal to the Appellate Division in the First judicial department may be taken from a judgment or order entered on the determination of an appeal taken as prescribed by sections 3188, 3189, provided the appeal be allowed as prescribed in the Code. Section 3188 authorizes an appeal to the Supreme Court from a judgment of the City Court, and section 3189 authorizes an appeal to the Supreme Court from certain interlocutory judgments and orders of the City Court. Held that, since the only jurisdiction of the Appellate Division to entertain an appeal from the determination of the Appellate Term is when that determination is of an appeal from a judgment or order of the City Court, no appeal lies to the Appellate Division from an order dismissing an appeal from the City Court on a motion originating at the Appellate Term.
    Ingraham, J., dissenting.

Appeal from Appellate Term.

Actions by Rudolph Gersman against David Levy and another. From orders of the Appellate Term (58 Misc. Rep. 174, 108 N. Y. Supp. 1107) dismissing defendants' separate appeals from a judgment of the City Court of the City of New York, and from an order denying a motion for a new trial, defendants appeal. Dismissed.

Argued before INGRAHAM, LAUGHLIN, CLARKE, HOUGHTON, and SCOTT, JJ.

Arnold C. Weil, for appellants.

Maxwell C. Katz, for respondent.

SCOTT, J. The defendants appeal from orders of the Appellate Term dismissing their separate appeals from a judgment of the City

Court and from an order denying motion for a new trial. The motions to dismiss, of course, originated at the Appellate Term. We are without jurisdiction to entertain the appeals. Appeals to the Supreme Court from the City Court are heard in this department by justices designated for that purpose under the authority of section 5 of article 6 of the Constitution; the term at which such appeals are heard being known as the Appellate Term. From that term there is no appeal, except such as is allowed by statute. Section 3191, Code of Civil Procedure provides that "an appeal to the Appellate Division of the Supreme Court in the First judicial department may be taken from a judgment or order entered upon the determination of an appeal taken as prescribed in sections 3188 and 3189 of this act," provided the appeal be allowed as prescribed in the Code. Section 3188 provides that an appeal may be taken to the Supreme Court from a judgment of the City Court, and section 3189 provides that an appeal may be taken to the Supreme Court from certain interlocutory judgments and orders of the City Court. It follows that the only jurisdiction of this court to entertain an appeal from a determination of the Appellate Term is when that determination is of an appeal from a judgment or order of the City Court. There is no provision of law which confers upon us jurisdiction to entertain an appeal from an order dismissing an appeal upon a motion originating at the Appellate Term. It may be said that the motion appears to have been properly disposed of by the Appellate Term.

Appeals dismissed, with $10 costs and disbursements in each case.

LAUGHLIN, CLARKE, and HOUGHTON, JJ., concur.

INGRAHAM, J. (dissenting). The orders of the Appellate Term were orders of the Supreme Court made upon motions in that court which dismissed appeals from the City Court, thus determining those appeals. Section 3191 of the Code of Civil Procedure provides:

"An appeal to the Appellate Division of the Supreme Court in the First judicial department may be taken from a judgment or order entered upon the determination of an appeal taken as prescribed in sections 3188 and 3189 of this act, provided such appeal be allowed."

There was here an order of the City Court, an appeal from that order to the Appellate Term, a dismissal of the appeal which determined that appeal, and the allowance of an appeal to this court by the Appellate Term. I think, therefore, these orders were appealable, as by them the Appellate Term refused to consider the appeals upon the merits, and thereby deprived the appellants of a substantial right. If, however, it should be held that section 3191 did not apply upon the ground that the motion upon which the orders were entered originated in the Appellate Term, and the orders appealed from were these original orders of the Supreme Court, then they were appealable under section 1347 of the Code of Civil Procedure, which allows an appeal (subdivision 3) where it (the order) involves some part of the merits, (subdivision 4) where it affects a substantial right, or (subdivision 5) where in effect it determines the action and prevents a judgment from which an appeal might be taken. These orders cer-

tainly involve a substantial right, as they refused to allow the appellants an opportunity of presenting their appeal to the Appellate Term, and have in effect determined the appeals and prevented either an affirmance or reversal of the orders appealed from. I am also inclined to think that the order of the City Court affected a substantial right, and that it was appealable to the Appellate Term.

I think, therefore, that the orders should be reversed, and the case remitted to the Appellate Term to hear and determine it upon the merits.