gree, which the Court of Special Sessions had no jurisdiction to hear and determine. A Court of Special Sessions being a court of limited jurisdiction, the fact that it has jurisdiction in a particular case must affirmatively appear. People v. McLaughlin, 57 App. Div. 454, 68 N. Y. Supp. 246.

On his arraignment the defendant appeared without counsel, and did not raise objection to the jurisdiction of the court, but asked for an adjournment for the purpose of procuring counsel. While such failure to raise objection at the first opportunity might possibly be deemed a waiver of irregularities if the court had jurisdiction, as was held in People v. Shaver, 37 App. Div. 21, 55 N. Y. Supp. 701, and in People v. Huggins, 110 App. Div. 613, 97 N. Y. Supp. 187, and in People v. Winness, N. Y., 3 Cr. Rep. 89, there could be no waiver of the jurisdiction of the court, and no consent could confer jurisdiction upon a court which had none. Cancemi v. People, 18 N. Y. 128. The trial of the defendant therefore by the Court of Special Sessions was a nullity.

In addition, the proof showed that no crime was committed. The agreement was that, if the defendant paid the note given for the purchase price of the cow, she should become his property. Confessedly he did pay the note. The complainant says that he repaid the defendant, and the defendant disputes it. Even if the complainant is right in his contention, the defendant had sufficient reason to claim title to the cow, and from his standpoint there is nothing to impugn his good faith in so doing. Section 1306 of the penal law provides that it is a sufficient defense to a charge of larceny that the property was appropriated openly and avowedly under a claim of title in good faith, even though such claim is untenable.

Assuming that the jury had jurisdiction to render a verdict of guilty against the defendant, on the facts established the verdict would have been wrong, and must have been set aside.

The judgments of the County Court and of the Court of Special Sessions are reversed, and the defendant discharged. All concur.

---

## PHILLIPS v. HOGAN.

(Supreme Court, Appellate Division, Third Department. January 4, 1911.)

1. APPEAL AND ERROR (§ 23*)—REVIEW OF PROCEEDINGS—JURISDICTION.

On motion to dismiss an appeal which has not been perfected, the County Court has power in the first instance to determine whether it is properly there, as an incident to its power to review by appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 99; Dec. Dig. § 23.*]

2. COURTS (§ 190*)—MUNICIPAL COURTS—REVIEW OF PROCEEDINGS—COSTS.

Laws 1881, c. 438, provided that the justice's court of the city of Albany should be allowed no fees except in summary proceedings, and by section 2 certain attorney's fees were allowed in that court. The justice's court of the city of Albany was changed in 1884 (Laws 1884, c. 122), to the City Court of Albany. Code Civ. Proc. § 2260, requires appeals in summary proceedings to be taken within the same time and in

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date. & Rep'r Indexes

the same manner as where the appeal is taken from the judgment in the court of which the judge or justice is the presiding officer; and by section 3047 an appeal from a judgment in justice's court cannot be perfected without payment of costs included in the judgment, and also a fee to the justice for making the return. Laws 1898, c. 312, § 14, provides that appeals may be taken from the City Court of Albany to the County Court in the same manner as appeals taken from judgments obtained in justices' courts, and that costs required to be paid for perfecting an appeal under section 3047 shall not include the costs awarded on motions under section 12 of this act. *Held* that, to perfect an appeal in summary proceedings in the City Court of Albany, costs must be paid.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 190.*]

Appeal from Albany County Court.

Summary proceedings by Schuyler C. Phillips against Elizabeth J. Hogan. From an order of the County Court of Albany county, dismissing the defendant's appeal from the judgment of dispossession in summary proceedings, entered in the City Court of Albany, the defendant appeals. Order affirmed.

See, also, 122 N. Y. Supp. 1142.

Argued before SMITH, P. J., and KELLOGG, COCHRANE, SEWELL, and HOUGHTON, JJ.

William J. T. Hogan, for appellant.
Edward C. Sturges, for respondent.

SMITH, P. J. This appeal raises two questions. First, whether in an appeal from the final order of dispossession in summary proceedings granted by the City Court of Albany the appellant to perfect his appeal is required to pay any costs. The second question goes to the power of the County Court on motion to dismiss an appeal not perfected.

The second question requires little discussion. If the appeal be not perfected, it is not in County Court for argument. Nevertheless it is in form in County Court until dismissed, and the County Court alone has power in the first instance to determine whether it is properly there as incidental to its power to review by appeal.

Upon the first question raised we are also of opinion that the County Court was clearly right. By section 2260 of the Code of Civil Procedure appeals in summary proceedings are to be taken "within the same time, and in the same manner, as where an appeal is taken from a judgment rendered in the court, of which the judge or justice is the presiding officer, and with like effect." By section 14 of chapter 312 of the Laws of 1898 it is provided:

"Appeals may be taken from any judgment rendered in said court [City Court of Albany] to the County Court of the county of Albany, in the same manner and with like effect as appeals are taken from judgments obtained in justice's court, except as otherwise provided herein."

By section 3047 of the Code of Civil Procedure an appeal from a judgment in justice's court is only perfected by payment of costs of the action included in the judgment and $2 as fee for the justice for making the return.

By chapter 438 of the Laws of 1881 it is provided that neither the justice's court of the city of Albany nor the justices of said court shall be allowed any fees for services rendered in said court, except that either of the said justices "shall be entitled to receive such fees in summary proceedings to recover the possession of real property as are now allowed by law to justices of the peace for like services." By section 2 of that act certain attorney fees are allowed in the trial of actions in said court. In 1884 (Laws 1884, c. 122) the name of this court was changed to "City Court of Albany." In 1892 the question came before the General Term of the Third Department as to whether, upon an appeal from the said court, it was necessary to pay the allowances provided for by the second section of the act, and it was held that such costs must be paid before an appeal could be taken. Schwemmer v. Stratton, 22 N. Y. Supp. 523.† Apparently to avoid the effect of this holding, by chapter 312 of the Laws of 1898 it was provided in section 14 that:

"Costs required to be paid for perfecting an appeal under section 3047 of the Code of Civil Procedure shall not include the costs awarded a party under section 12 of this act."

This provision of section 14 of the act of 1898 would seem to be a recognition, if such were necessary, of an existing rule that in summary proceedings, where the fees still existed as originally in justice's court, an appeal could only be perfected by the payment of those fees, and such is the only rule deducible from the statutes above cited. The appeal, therefore, was properly dismissed.

Order affirmed, with $10 costs and disbursements. All concur.