## WHITMORE v. J. JUNGMAN, Inc.

(Supreme Court, Special Term, New York County.    May, 1911.)

1. PLEADING (§ 324*)—BILLS OF PARTICULARS—SUFFICIENCY.

   One required to furnish a bill of particulars, setting out the items of claimed expenditures, aggregating a stated amount, should furnish the particulars within his power, and state his lack of knowledge or inability as to the other items.

   [Ed. Note.—For other cases, see Pleading, Cent. Dig. § 982; Dec. Dig. § 324.*]

2. MOTIONS (§ 31*)—ADMISSIONS BY AFFIDAVIT.

   Undenied allegations of an affidavit opposing a motion are deemed admitted.

   [Ed. Note.—For other cases, see Motions, Cent. Dig. § 42; Dec. Dig. § 31.*]

Action by B. Thomas Whitmore against J. Jungman, Incorporated. On motion for further bill of particulars. Motion partly granted.

David Paine, for the motion.

House, Grossman & Vorhaus, opposed.

GIEGERICH, J. [1] The plaintiff appears to have complied with the requirements of the order of May 2, 1911, except those relating to particulars making up the specific items of the sum of $197.60. As to such sum the plaintiff's bill of particulars states:

"The specific items making up the sum of $197.60 were for railroad fare to Boston, railroad fare to Philadelphia, railroad fare to Brunswick, N. J., and railroad fare to other places, for hotel bills at above-named places, for meals and other disbursements with prospective lenders. These sums were expended during the spring, fall, and summer of 1908, and during the fall of 1909. It is impossible for the plaintiff to specify more particularly at the present time the exact dates when said disbursements were incurred."

Referring to such particulars, the plaintiff in his opposing affidavit states:

"I stated the specific items, and told practically when they were expended. It was impossible for me to tell more specifically, because they were spent at various times for railroad fare, hotel bills, and for other disbursements with prospective lenders. I have done the very best I could, and the court will see that it is impossible to account for every cent of $197.60, when the amounts were expended several years ago."

The proper practice under these circumstances is laid down in City of Rochester v. McDowell et al., 12 N. Y. Supp. 414, 415,† where the court, at page 415, said:

"The practice is for the party, when requested, to serve a bill of particulars, and if the other party is not satisfied a motion can be made to compel a further bill. If the plaintiff should show in its bill of particulars that it could not state the time or times when moneys were misappropriated, or the amount or amounts misappropriated at any particular time or times, it would be a substantial compliance with the order, which, while full and covering the whole ground, was not intended to require an impossibility or prevent the plaintiff from proving its case, if it obeyed the order to the ex-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

† Reported in full in the New York Supplement; reported as a memorandum decision without opinion in 59 Hun, 615.

tent of its power. It should serve on the defendants all the items required by the order which it has power to furnish. This would inflict neither hardship nor injustice. After the service of such a bill, properly verified, the defendant, if so advised, might move for fuller or more specific information. If such application should be made, the court would be in a position to dispose of the whole question upon the merits according to the ordinary rules of practice; but if the defendants acquiesced in the bill all controversy on that subject would be ended."

[2] The allegations of the opposing affidavits are not denied, and they are therefore deemed to be admitted. The plaintiff can only be required to furnish those particulars which are within his power to furnish (People v. McClellan, 191 N. Y. 341, 348, 84 N. E. 68; Coslow v. Mawhinney, 122 N. Y. Supp. 270); and if he is unable to furnish all the particulars called for by the order as to the sum above mentioned, he should be directed to state such lack of knowledge or inability as a substitute for the information required to be given by said order (Schwartz v. Green, 60 Hun, 582, 14 N. Y. Supp. 833; Ziadi v. Interurban St. Ry., 97 App. Div. 137, 89 N. Y. Supp. 606; Ferris v. Brooklyn Heights R. R., 116 App. Div. 892, 102 N. Y. Supp. 463).

As already seen, the plaintiff stated that it is impossible for him to specify more particularly at the present time the exact dates when the disbursements were made. It may be that he has since refreshed his memory or obtained additional information with regard to the same, and hence he may now be able to give more particulars as to the items making up the said sum than he was when he verified the bill dated May 9, 1911. At all events he should be required to serve a further bill of particulars as to the said sum of $197.60, together with all the information he possesses in relation to the items making up the said sum, and if he is unable to furnish all the information required in relation thereto he is directed to state his lack of knowledge or inability as to such items he is unable to furnish.

Motion granted to the extent indicated, with $10 costs to abide the event. Settle order on notice.