BENJAMIN et al. v. BROWNSTEIN et al.

(Supreme Court, Appellate Term, First Department.　June 5, 1913.)

1. APPEAL AND ERROR ☞425—DISMISSAL—DELAY IN FILING NOTICE—EXCUSE.

An appeal by defendant from a judgment against him will not be dismissed because his notice of appeal was not served in time, where the notice of judgment served on him by plaintiffs was materially defective.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2155–2161; Dec. Dig. ☞425.]

2. COURTS ☞190—JURISDICTION—CITY COURT—ORDER TO ACCEPT NOTICE OF APPEAL.

The City Court has no jurisdiction to order plaintiff to accept a notice of appeal from a judgment rendered by it, since the cause was no longer pending in that court, and the making of such an order by the City Court does not prevent the Appellate Term from making a similar order.

[Ed Note.—For other cases, see Courts, Dec. Dig. ☞190; Appeal and Error, Cent. Dig. § 103.]

Action by Ephraim Benjamin and another against Daniel J. Brownstein and others. Judgment for the plaintiffs and defendants appeal. On motion by plaintiffs to dismiss the appeal, and motion by defendants to compel plaintiffs' attorney to accept the notice of appeal. Motion to dismiss denied, and motion to direct acceptance of the notice of appeal granted.

See, also, 153 App. Div. 894, 137 N. Y. Supp. 1111; 79 Misc. Rep. 84, 139 N. Y. Supp. 318; 163 App. Div. 945, 148 N. Y. Supp. 1105.

Argued June term, 1913, before SEABURY, PAGE, and BIJUR, JJ.

David Bernstein, of New York City, for the motion.
Morris & Samuel Meyers, of New York City, opposed.

PER CURIAM. There are two motions made in this action—one by the plaintiffs for an order dismissing the appeal taken by defendants from a judgment in favor of the plaintiffs upon the ground that the notice of appeal was not served in time, and one by defendants for an order compelling the plaintiffs' attorneys to accept the notice of appeal.

[1] The motion to dismiss the appeal must be denied. The copy of the judgment served upon the defendants was so defective in several material respects as to be ineffectual to limit by its service the defendants' time in which to appeal, and the decision of the lower court in that respect was correct.

[2] The motion of the defendants to compel the acceptance of the notice of appeal by the plaintiffs' attorney must be granted. It is true the City Court made an order to that effect, but it was expressly held in Gersman v. Levy, 57 Misc. Rep. 156, 108 N. Y. Supp. 1107–1113, that the Special Term of the City Court was without jurisdiction to make such an order (citing Ziadi v. Int. St. R'y, 97 App. Div. 137, 89 N. Y. Supp. 606), and the decision in Gersman v. Levy was approved upon appeal by the Appellate Division (Gersman v. Levy, 126 App. Div.

83, 110 N. Y. Supp. 236). In the case of Phillips v. Hogan, 142 App. Div. 205, 126 N. Y. Supp. 1088, the Appellate Division, Third Department,. in discussing the power of the County Court of Albany County to dismiss an appeal taken from the City Court of Albany, said:

"If the appeal is not perfected, it is not in the County Court for argument. Nevertheless it is in form in the County Court until dismissed, and the County Court alone has power in the first instance to determine whether it is properly there as incidental to its power to review by appeal."

The holding of this court in Musica v. Di Marco, 74 Misc. Rep. 387, 132 N. Y. Supp. 281, is not opposed to the foregoing decisions. In the Musica Case the City Court made an order dismissing the appeal. This court held it had no authority so to do; that, once an appeal was taken, it was not pending in the City Court, but that the City Court had jurisdiction in all matters pertaining to the settlement of the case. No one disputes the right of this court to dismiss an appeal, once it has been declared abandoned by the City Court, and the power to dismiss an appeal for any proper reason is unquestionably vested in this court, except that it cannot dismiss for failure to file the return upon appeal until after the case is settled. Rule 3 of the Appellate Term Rules.

Plaintiffs' motion to dismiss the appeal denied. Defendants' motion to direct the plaintiffs' attorneys to accept notice of appeal granted. Notice to be reserved within five days after the entry of this order. Order filed.