## In re FRED.

### FRED v. GORDON.

(Supreme Court, Appellate Term, First Department. January 6, 1915.)

1. APPEAL AND ERROR (§ 120\*)—ORDERS APPEALABLE.
    No appeal lies from an order of the Appellate Term granting or denying a motion.
    [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 840–862, 864, 865; Dec. Dig. § 120.\*]
2. MOTIONS (§ 58\*)—ORDERS—MODIFICATION—POWER OF COURT.
    The Appellate Term is always in session to hear motions, and must at a subsequent term correct an error committed at a former term on ruling on a motion.
    [Ed. Note.—For other cases, see Motions, Cent. Dig. § 72; Dec. Dig. § 58.\*]
3. COURTS (§ 190\*)—CITY COURT—APPEAL—DISMISSAL—GROUNDS.
    Where the papers on appeal to the Appellate Term from an order of the City Court were served and filed, and the case was on the calendar, but neither side noticed it for argument, the appeal could not be dismissed on motion of respondent, and to compel a dismissal he must serve and file a notice of argument, and thereby place the appeal on the calendar, and bring the same to a hearing.
    [Ed. Note.—For other cases, see Courts, Dec. Dig. § 190;\* Appeal and Error, Cent. Dig. § 103.]
4. COSTS (§ 250\*)—MOTIONS—RIGHT TO COSTS.
    Where respondent moved to dismiss an appeal, though he was equally in default with appellant, appellant, filing opposing affidavits, was entitled to costs on the denial of the motion.
    [Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 253, 956; Dec. Dig. § 250.\*]

---

\*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

5. Costs (§ 250*)—Motions—Right to Costs.

Where a motion by a party for reargument of a prior motion, which had been denied, was filed without asking for or obtaining leave, and without setting forth new facts, the adverse party, required to file opposing affidavits, was entitled to costs on the denial of the motion.

[Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 253, 956; Dec. Dig. § 250.*]

In the matter of Mary Fred, as executrix, directing Milton J. Gordon to comply with terms of a written stipulation. On motion of Milton J. Gordon to be relieved of payment of costs previously imposed on him. Denied.

· See, also, 151 N. Y. Supp. 276.

Argued January term, 1915, before GUY, BIJUR, and GAVEGAN, JJ.

Louis J. Jacoves, of New York City, for the motion.

PER CURIAM. [1, 2] The respondent herein has handed up an order by which he seeks, ex parte, to be relieved from the payment of the costs imposed upon the denial of two motions heretofore made by him. These motions were decided at a former term of this court, when the personnel of the court was somewhat different than. at the present term. As no appeal lies from an order of this court granting or denying a motion (Gersman v. Levy, 126 App. Div. 83, 110 N. Y. Supp. 236), and as the Appellate Term is always in session for the purpose of hearing motions, perhaps the doctrine of stare decisis should not be strictly invoked, and if it is obvious that a former term has committed error it is the right and the duty of a subsequent term to correct it. An examination of the papers in the former motions shows that they were properly denied, and that the costs were properly imposed.

[3] The first motion was made for an order dismissing the appeal for want of prosecution. The appeal was taken from an order of the City Court, and papers upon appeal had been served, and filed, and the case was then upon the calendar of this court ready to be heard. Neither side, however, noticed it for argument. It has been held so many times, and the rule has been so uniformly and consistently enforced, that, once an appeal has been placed on the calendar, no motion can be made to dismiss the same, unless the respondent has served and filed a notice of argument, as to make the citation of authorities on that question almost superfluous. In Hand v. Callaghan, 12 Misc. Rep. 88, 33 N. Y. Supp. 176, it was held that the failure of the appellant to serve a notice of argument was no ground for the dismissal of the appeal, and that, if the respondent had served a notice of argument, he should place the appeal on the calendar and bring the same to a hearing. See, also, Nichols v. McLean, 98 N. Y. 458.

This decision was before the adoption of the rule requiring the appeal to be placed upon the calendar as soon as the papers are filed with the clerk. The appellate courts have invariably followed this practice.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

In Pittsburg Plate Glass Company v. Ravitz, Law Journal, January 11, 1908, the respondent had served and filed a notice of argument, and the appellant had not. Upon a motion made in open court by the respondent to postpone the hearing of the appeal, the appellant opposed the motion, and the court held that, as the appellant had served no notice of argument, he had no standing in court, and the motion to postpone was granted. In Meyers v. Beakes Dairy Co., Law Journal, February 10, 1910, the respondent not having served a notice of argument, the court held that he was in no position to move to dismiss.

The rules of the Appellate Term for the hearing of appeals from the lower courts permit motions to be made to dismiss for failure to file the return. Rule III. But, once the return is filed, the duty of the appellant has ceased, and either side can bring the appeal to a hearing by serving and filing a notice of argument. Rule V. But no onward step can be taken without the service of such notice. If neither side notices, after two terms have elapsed, the court may of its own motion dismiss the appeal. Rule 39 of the General Rules of Practice; section 325, Municipal Court Act (Laws 1902, c. 580). If the respondent has served and filed a notice of argument, and the appellant has not, and the appellant fails to appear upon the call of the calendar the judgment shall be affirmed. Rule VI for the hearing of appeals. If the appellant appears, the appeal may be dismissed, with costs, or the hearing put over the term, with or without costs, as the court may direct.

[4] In the case at bar, had the respondent served and filed a notice of argument, he could have compelled the appellant to proceed with the hearing or respond in costs; but instead, however, he moved to dismiss the appeal when he was equally in default with the appellant. The appellant filed opposing affidavits, and especially called the attention of the court to the failure of either side to notice the case for argument, and to the improper practice of the respondent, and upon the denial of the motion he was clearly entitled to costs.

[5] The second motion was for a reargument of the first one, and no leave to renew was asked for or obtained, and no new facts were set forth in the moving papers. Again the appellant was required to file opposing affidavits, and again he became, upon the second denial of the motion, entitled to costs.

It follows, therefore, that the order relieving the respondent from the payment of such costs cannot be granted; the decision of the former term being correct in all respects.