83, 110 N. Y. Supp. 236). In the case of Phillips v. Hogan, 142 App. Div. 205, 126 N. Y. Supp. 1088, the Appellate Division, Third Department, in discussing the power of the County Court of Albany County to dismiss an appeal taken from the City Court of Albany, said:

"If the appeal is not perfected, it is not in the County Court for argument. Nevertheless it is in form in the County Court until dismissed, and the County Court alone has power in the first instance to determine whether it is properly there as incidental to its power to review by appeal."

The holding of this court in Musica v. Di Marco, 74 Misc. Rep. 387, 132 N. Y. Supp. 281, is not opposed to the foregoing decisions. In the Musica Case the City Court made an order dismissing the appeal. This court held it had no authority so to do; that, once an appeal was taken, it was not pending in the City Court, but that the City Court had jurisdiction in all matters pertaining to the settlement of the case. No one disputes the right of this court to dismiss an appeal, once it has been declared abandoned by the City Court, and the power to dismiss an appeal for any proper reason is unquestionably vested in this court, except that it cannot dismiss for failure to file the return upon appeal until after the case is settled. Rule 3 of the Appellate Term Rules.

Plaintiffs' motion to dismiss the appeal denied. Defendants' motion to direct the plaintiffs' attorneys to accept notice of appeal granted. Notice to be reserved within five days after the entry of this order. Order filed.

(90 Misc. Rep. 645)

### PAOLI v. EAST RIVER NAT. BANK.

(Supreme Court, Appellate Term, First Department. June 16, 1915.)

APPEAL AND ERROR ☞113—DECISIONS REVIEWABLE—AMENDED JUDGMENT.
    In an action by an executrix to recover the testator's deposit in a bank, where the bank claimed a set-off for the amount of a note given it by the testator, and the original judgment dismissed the counterclaim on its merits, an amended judgment dismissing the counterclaim as a set-off, but without prejudice to the claim against the estate, is substantially different from the original judgment, and an appeal may be taken therefrom within the statutory time after its entry.

    [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 758–785; Dec. Dig. ☞113.]

Appeal from City Court of New York, Special Term.

Action by Concetta Delli Paoli, as executrix of and under the last will and testament of Alessandro Delli Paoli, against the East River National Bank. From an order of the City Court, granting defendant's motion to compel plaintiff to accept notice of appeal from a judgment in his favor, the plaintiff appeals, and moves to dismiss defendant's appeal from the judgment. Defendant moves for an order by the Appellate Term to compel the plaintiff to accept service of the notice of appeal. Order appealed from reversed, motion to dismiss defendant's appeal denied, and motion to compel plaintiff to accept service of notice of appeal granted.

Argued June term, 1915, before GUY, BIJUR, and PAGE, JJ.

Otto A. Samuels, of New York City (Ralph H. Blum, of New York City, of counsel), for appellant.

Anderson, Iselin & Anderson, of New York City (Outerbridge Horsey, of New York City, of counsel), for respondent.

GUY, J. The plaintiff herein brought an action against the defendant in the City Court to recover the sum of $1,702.13, claimed by him to be upon deposit with the defendant to the credit of plaintiff's testator. The defendant set up as a counterclaim the execution of two notes by plaintiff's testator, amounting to the sum of $1,800, and averred that the defendant gave the testator credit for said notes upon the agreement by him that if any change occurred in the financial condition of said testator, whereby his ability to pay was lessened, or in case of his failure or insolvency, the notes, at the option of defendant, should become due immediately. The pleading further averred that prior to the death of said testator he became insolvent, etc., that the defendant had exercised its aforesaid option, that no part of said notes has been paid, and demanded judgment against plaintiff for the sum of $97.87, being the difference between the amount on deposit to the credit of the testator and the amount of the notes.

The case came on for trial, and resulted in the direction of a verdict for the plaintiff for the full amount of her claim, and a judgment was entered for that amount and also dismissing the counterclaim "upon the merits." A copy of the judgment and notice of entry was served upon defendant's attorneys on April 16, 1915. Subsequently a motion was made by the defendant for an order amending the judgment, and this motion was granted, and the judgment amended, by providing that, instead of the counterclaim being dismissed upon the merits, it be dismissed "as a set-off in this action, but without prejudice to the claim of the defendant against the plaintiff for the sum of $1,800." The amended judgment was entered on April 13, 1915, and on May 4, 1915, a copy thereof, with notice of entry, was served on defendant's attorneys. On May 11, 1915, a notice of appeal from the judgment as amended was served upon the attorney for the plaintiff, who promptly returned the same as not having been served in time. Thereupon the defendant made a motion in the City Court for an order requiring the plaintiff to accept the notice of appeal and the undertaking given to secure the judgment, which motion was granted, and from the order entered thereon the plaintiff appeals.

Concurrently with the taking of the appeal, the plaintiff has moved in this court to dismiss the appeal from the amended judgment, and the defendant, having defaulted upon the hearing of the present appeal, has also made a motion in this court to compel the plaintiff to accept service of the notice of appeal from the amended judgment. Both sides concede that the City Court had no power to make the order appealed from. Gersman v. Levy, 58 Misc. Rep. 174, 108 N. Y. Supp. 1107, affd. in 126 App. Div. 83, 110 N. Y. Supp. 236; Ziada v. Int. St. Ry. Co., 97 App. Div. 137, 89 N. Y. Supp. 606; Phillips v. Hogan, 142 App. Div. 205, 126 N. Y. Supp. 1088 (App. Div., 3d

Dept.); Benjamin v. Brownstein, 154 N. Y. Supp. 191. The order may therefore be reversed.

Upon the motion made in this court by the defendant to compel the plaintiff to accept the notice of appeal, the plaintiff claims that the amendment to the judgment was one of form only, and sets up in the moving papers on the motion to dismiss the appeal that the judgment as originally entered did not affect defendant's right to share in the estate, and that the record upon the trial shows that the claim of the defendant had been entered in the final account of the plaintiff in proceedings for the judicial settlement of the estate, and that upon the trial no claim was made as to the right of the defendant as a general creditor by reason of the two notes. The record upon the trial is not before this court, and the only question to be determined here is whether or not the amendment to the judgment was a material one, and that must be determined from the pleadings and the form of the judgment, as it is conceded to have been entered. As originally entered, it is clear that it precluded the defendant from enforcing any claim against the estate of the plaintiff's testator, and was an effectual bar to the cause of action set forth in the counterclaim. The amendment, therefore, was one of substance, and affected an important right of the defendant, and was in fact the true and final judgment entered in the action. The cases of Bulkley v. Whiting Mfg. Co., 136 App. Div. 479, 121 N. Y. Supp. 159, and Gasz v. Strick (Super. Buff.) 3 N. Y. Supp. 830, are authorities upholding the right of the defendant to appeal from an amended judgment. It follows that the motion to dismiss the appeal should be denied, and the motion to compel the plaintiff to accept service of the notice of appeal granted.

Order reversed, with $10 costs and disbursements. Motion to dismiss appeal denied, with $10 costs. Motion to compel plaintiff to accept service of notice of appeal from amended judgment granted, with $10 costs. Costs of one party to be set off against those of the other. All concur.