MURIEL S. COMAN, Plaintiff, *v.* HARRY J. COMAN, Defendant.

Supreme Court, Special Term, New York County, May 20, 1949, on reargument, September 15, 1949.

*William Weisman* for plaintiff.

*Meyer Alterman* for defendant.

STEUER, J. Defendant is appealing from an order directing payment of alimony and counsel fees. Plaintiff has served a notice of cross appeal. Defendant rejected this notice and this motion seeks to compel its acceptance. The first question is when the thirty-day period in which plaintiff might have appealed starts to run. The order was made and entered on March 30, 1949. While the record is not quite as clear as it might be it appears that this entry was by the court pursuant to section 1557-a of the Civil Practice Act, after submission of a proposed order. Plaintiff served the order on April 1, 1949. As this was the first affirmative act by the plaintiff her time started running on that day and would expire on April 30, 1949 (Civ. Prac. Act, § 612; *People ex rel. Manhattan Storage & Warehouse Co.* v. *Lilly,* 274 App. Div. 59). Defendant's notice of appeal is dated April 22, 1949. It was served by mail which would make the service April 25, 1949. The cross appeal was served on May 3, 1949. Plaintiff claims that the service is timely pursuant to section 578-a of the Civil Practice Act which extends the time to appeal of a party upon whom a notice of appeal is served within five days before the time in which that party could have appealed. Plaintiff's position would be correct if April 25th were within five days from April 30th. But it is not. Time to appeal expired with the expiration of April 30th. Within five days of that time begins with the beginning of April 26th.

The motion is accordingly denied.

(On reargument, September 15, 1949.)

The motion for reargument is granted. Since the original decision, dated May 20, 1949, the Court of Appeals has reversed a decision in *People ex rel. Manhattan Storage & Warehouse Co.* v. *Lilly* (299 N. Y. 281). Therein it was decided that the time of a party to appeal from an order entered " automatically ", pursuant to the practice provided for in section 1557-a of the Civil Practice Act, commences upon the signing of the order. Defendant contends that this has no application to the instant situation, because here the order signed was not submitted by the plaintiff but by the defendant, and that while defendant's time started running from the court's signing, plaintiff's time did not begin until he was either served with a copy of the order or himself served the plaintiff. Ordinarily this would be true (Civ. Prac. Act, § 612). Here, however, both parties submitted proposed orders. Both parties knew that one or the other order would be signed, either in its form as submitted or with corrections by the court. It is that knowledge which is the essential

feature. Plaintiff's time to appeal would have expired thirty days after March 30, 1949, or on April 29, 1949. Defendant served a notice of appeal on April 22, 1949. It was served by mail and received April 25, 1949. Defendant contends that the date of mailing is the date of service, rather than the date of receipt.

Mailing is the only significant fact when the issue is whether or not a party has complied with a requirement that he serve a paper (*Anthony* v. *Schofield*, 265 App. Div. 423). Also, the service is timely if mailed within time, but it is not complete until three days thereafter unless previously received. It follows that service was made on April 25, 1949, within five days of the time plaintiff's time would have expired and her notice of cross appeal was, therefore, timely.

After reargument, the original decision is recalled and the motion is granted.