NANCY STEVENS, as Administratrix of the Estate of GEORGE STEVENS, Deceased, Claimant, *v.* STATE OF NEW YORK, Defendant. (Claim No. 27979.)

Court of Claims, January 30, 1950.

*Melvel W. Snitow* for claimant.

*Nathaniel L. Goldstein, Attorney-General (Melvin J. Carro* of counsel), for defendant.

SYLVESTER, J. Claimant moves to compel the State to accept her notice of appeal. A certified copy of the judgment entered herein, was served by mail on August 24, 1949, upon the attorney for the claimant by the clerk of the court. On September 27, 1949, claimant's notice of appeal was personally served upon the Attorney-General, a period of thirty-four days after service of the judgment having elapsed, not counting the date of service. Section 25 of the Court of Claims Act provides that an appeal must be taken within thirty days after service of a certified copy of the judgment. Section 164 of the Civil Practice Act extends the period an additional three days because the judgment was served by mail. Claimant contends that the date of service is fixed as of the date of receipt rather than the date of mailing, citing *Coman* v. *Coman* (196 Misc. 138). We think it is well established that the date of mailing controls. (*Anthony* v. *Schofield,* 265 App. Div. 423; *Sheehan* v. *Jaffa,* 247 App. Div. 835; *Elliott* v. *Kennedy,* 26 How. Prac. 422.) The *Coman* case (*supra*) holds nothing to the contrary. The service of the instant notice of appeal would then be a nullity, and the time to appeal may not be extended by the court. (*Pollak* v. *Port Morris Bank,* 257 N. Y. 287; *Miller & Sons Co.* v. *E. M. Sergeant Co.,* 229 N. Y. 609.) In these circumstances the court cannot compel

the acceptance of the notice of appeal (*Clapp* v. *Hawley,* 97 N. Y. 610).

We would be satisfied to thus dispose of the motion. However, the State questions the power of this court to entertain the application and, citing persuasive authority, argues that the power resides solely with the appellate tribunal. (*Ziadi* v. *Interurban St. Ry. Co.,* 97 App. Div. 137 [2d Dept.] ; *Levinson* v. *Polhemus,* 259 App. Div. 1089 [2d Dept.] ; *Matter of Phillips* v. *Hogan,* 142 App. Div. 205 [3d Dept.] ; *Paoli* v. *East River Nat. Bank,* 90 Misc. 645 [App. Term, 1st Dept.] ; *Benjamin* v. *Brownstein,* 154 N. Y. S. 191 [App. Term, 1st Dept.] ; *Gersman* v. *Levy,* 58 Misc. 174 [App. Term, 1st Dept.], appeal dismissed 126 App. Div. 83; 6 Carmody on New York Practice [2d ed.], § 151).

In the *Ziadi* case (*supra,* p. 138) HOOKER, J. said for a unanimous court: " After the service of the notice of appeal the Special Term was without power to set it aside or to make an order that it stand. Were such procedure to obtain, it would rest in the Special Term power to determine whether cases were or were not in this court. The uniform practice has been that the Appellate Division alone should determine what is before it. These reasons were quite sufficient to induce the learned Special Term to deny the defendant's motion to compel the plaintiff to accept the notice of appeal after the same had been returned to the attorney for the defendant."

Though cases are numerous where motions of this character have been passed upon by the Special Term, they do not reflect that the precise question of power was raised or considered. Seemingly, the court, in each instance, proceeded to a consideration of the merits of the motion without any suggestion that the jurisdictional question had been urged. (*Anthony* v. *Schofield,* 265 App. Div. 423, *supra* [4th Dept.] ; *Corporation of Scholes* v. *Ficke Warehouses, Inc.,* 204 App. Div. 329 [2d Dept.] ; *Naftal* v. *Jarvis,* 203 App. Div. 75 [1st Dept.] and others.) So, also, in *People ex rel. Manhattan Stor. & Warehouse Co.* v. *Lilly* (191 Misc. 592) the Special Term denied a motion to compel the acceptance of a notice of appeal and on appeal to the Appellate Division, the order was reversed and the motion granted. (274 App. Div. 59.) The Court of Appeals reversed the order of the Appellate Division and reinstated the order of Special Term (299 N. Y. 281). An examination of the opinion in the several courts and of the record and briefs on appeal fails to disclose that the power of the Special Term to deal with the merits of the application was either urged or considered at any stage of the proceeding.

In this state of the decisions, we are reluctant to arrogate to this court the authority to decide whether or not the service of the notice of appeal was timely. We believe that claimant's application should be addressed to the Appellate Division. For the foregoing reasons the motion is denied.

Settle order on notice.